■ LOUISE D. MACK, Appellant, v. MALVERSE H. MACK, Respondent.— In an action for a separation, the plaintiff wife appeals from an order of the Supreme Court, Westchester County, dated September 26, 1962, which granted her motion for temporary alimony and for a counsel fee. Said order: (a) granted plaintiff the exclusive occupancy of the residential premises owned by the parties as tenants by the entirety, free of interference by the defendant; (b) directed the defendant to pay directly to the mortgagee the monthly installments of $151 for mortgage amortization, mortgage interest and realty taxes on said premises; and (c) awarded plaintiff a counsel fee of $150, with leave to apply to the trial court for an additional counsel fee. The appeal is taken on the ground that the allowances made are inadequate. Order affirmed, without costs. No opinion. Beldock, P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur.

■ DOROTHEA K. MATTHEWS, Respondent, v. JOSEPH SCHUSHEIM, Also Known as JOSEPH MATTHEWS, et al., Appellants, et al., Defendants.— In a consolidated action: (1) against the defendants to recover damages resulting from fraud and conspiracy to conceal from plaintiff the assets of her former husband, the defendant Mark Matthews; and (2) against the said Mark Matthews to recover money for plaintiff's support due from him and unpaid, certain of the defendants appeal from an order of the Supreme Court, Queens County, dated September 25, 1962 and entered in Nassau County on September 26, 1962, which granted plaintiff's motion (a) for the appointment *pendente lite* of a receiver of certain properties; and (b) to restrain the defendants from disposing of any of the properties which constitute the subject matter of the litigation. Order reversed, in the exercise of discretion, without costs, and motion denied upon condition that, within 20 days after entry of the order hereon, the defendant Joseph Schusheim, also known as Joseph Matthews, shall file and serve an undertaking for $100,000, with corporate surety, to the effect that the defendants will pay any judgment which may ultimately be rendered in this action against them or any of them. In default of compliance with this condition, the order is affirmed, without costs. In our opinion, on the record presented, the furnishing of an undertaking in the amount specified will adequately protect plaintiff's rights. In the peculiar circumstances of this case, a receivership should not be required in the event the undertaking be furnished. Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.