**NORTHWEST INDUSTRIES, INC., a Delaware corporation, Defendant Below, Appellant,**

v.

**The B. F. GOODRICH COMPANY, a New York corporation, Plaintiff Below, Appellee.**

**No. 46.**

Supreme Court of Delaware.

June 2, 1969.

H. Albert Young and Edward B. Maxwell, 2nd, of Young, Conaway, Stargatt & Taylor, Wilmington, and Jenner & Block, Chicago, Ill., for defendant below, appellant.

David F. Anderson, of Potter, Anderson & Corroon, Wilmington, for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice (for the majority of the Court):

This opinion reports the ruling we made in this case immediately after oral argument because of the exigency of time.

The determinative issue raised on this appeal was the adequacy of the demand by The B. F. Goodrich Company, as a stockholder of Northwest Industries, Inc., for inspection of the list of the stockholders of Northwest.

Northwest had made a share-exchange offer to the stockholders of Goodrich. Goodrich acquired its only shares of the stock of Northwest on or about January 30, 1969. On February 3, 1969, Goodrich made written demand for inspection of Northwest's stock list. The only purpose stated in the demand was as follows:

> "The purpose of this request is to enable the B. F. Goodrich Company to communicate with the other stockholders of your company with reference to a special meeting of the stockholders of your company."

Northwest declined to comply with the demand and Goodrich brought this action to compel inspection.

The controlling Statute, 8 Del.C. § 220,* provides that a demand upon a corporation

---

\* 8 Del.C. § 220 provides in pertinent part:
"§ 220. Stockholder's right of inspection
"(a) As used in this section, 'stockholder' means a stockholder of record.

"(b) Any stockholder, in person or by attorney or other agent, shall, upon written demand under oath stating the purpose thereof, have the right during the

header

by one of its stockholders for inspection of a list of its stockholders shall state "the purpose thereof."

The Chancery Court ruled that the demand was adequate and granted Goodrich's petition for inspection. We disagree.

■ In our opinion, § 220 required more, as a statement of "purpose", than a mere statement of intent to communicate with other stockholders of Northwest regarding a forthcoming meeting. If that were the limit of the statutory requirement, any stockholder stating a willingness to pay the expense of a mailing to other stockholders would be entitled to the list, regardless of the nature of the communication. We think that § 220 requires more as a statement of purpose, especially when, as we have held, a secondary purpose is irrelevant though improper. General Time Corporation v. Talley Industries, Inc., Del., 240 A.2d 755 (1968). The "purpose" required to be stated in the demand, under § 220, must be a "proper purpose" in order to make the demand effective; this would appear to be necessarily implied from the juxtaposition of those terms in § 220. And a "proper purpose" is defined as "a purpose reasonably related to" the demander's "interest as a stockholder."

Accordingly, in our view, § 220 required Goodrich to state in its demand the substance of its intended communication sufficiently to enable Northwest, and the courts if necessary, to determine whether there was a reasonable relationship between its purpose, i. e., the intended communication, and Goodrich's interest as a stockholder of Northwest. Admittedly, Goodrich had not acquired its stock in Northwest for investment purposes. Obviously, it was difficult if not impossible for Goodrich, within so few days after acquiring its stock in Northwest, to reasonably relate

the purpose of its demand to its interest as a stockholder of Northwest. Nevertheless, that was its obligation under § 220 from the outset.

Goodrich relied heavily upon General Time Corporation v. Talley Industries, Inc., Del., 240 A.2d 755 (1968). In that case, it was held that solicitation of proxies to be used to oust management is a "proper purpose", germane to a stockholder's status, justifying inspection of the stockholders' list under § 220; and this without regard for any secondary purpose. The *General Time* case did not deal with the sufficiency of the statement of purpose in a demand or with facts similar to those in the instant case.

■ We concluded, therefore, that the purpose stated in the demand for inspection was insufficient as the statement of a "proper purpose" under the Statute. Accordingly, we reversed and remanded with instructions to dismiss the complaint.

WOLCOTT, Chief Justice (dissenting):

I disagree with the conclusion reached by the majority of the Court in this appeal. In my opinion, 8 Del.C. § 220 gives a practically absolute right of inspection to a stockholder of record who states a purpose in his demand reasonably related to his status as a stockholder. The desire to communicate with his fellow stockholders concerning a forthcoming stockholders' meeting already called is a purpose germane to the status of a stockholder of Northwest.

It is immaterial, in my view, that Goodrich acquired its stock in Northwest a few days before filing its demand for inspection of the stockholders' list.

I would have affirmed the Court of Chancery in its order directing the furnishing of the list.

usual hours for business to inspect for any proper purpose the corporation's stock ledger, a list of its stockholders, and its other books and records, and to

make copies or extracts therefrom. A proper purpose shall mean a purpose reasonably related to such person's interest as a stockholder. * * *."