**John B. WILLARD, Plaintiff Below, Appellant,**

v.

**HARRWORTH CORPORATION, Defendant Below, Appellee.**

Supreme Court of Delaware.

June 16, 1970.

Petition for Reargument Denied July 1, 1970.

·John B. Willard pro se.

E. N. Carpenter, II, and R. H. Richards, III, of Richards, Layton & Finger, Wilmington, for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This is an appeal from the grant by the Vice Chancellor of the defendant's motion for summary judgment denying the right to inspect stock lists under the provisions of 8 Del.C. § 220.

This controversy grows out of the reorganization of two corporations, which is of a rather complex nature, and will be briefly described. Worthington Corporation (old Worthington), a corporation of Delaware, and Studebaker Corporation (old Studebaker), a corporation of Michigan, entered into an agreement and plan of reorganization with Christopher Properties, Inc. The plan required Christopher Properties, Inc. to change its name to Studebaker-Worthington, Inc., a Delaware corporation. Studebaker-Worthington was then required to form two fully-owned subsidiaries in Delaware to be known as Worthington Corporation (new Worthington) and Studebaker Corporation (new Studebaker).

The plan also required old Studebaker Corporation to change its name to Hallpark Enterprises, Inc., and for old Worthington Corporation to change its name to Harrworth, Inc., the present defendant. The plan also required Harrworth, Inc., by amendment to its Certificate of Incorporation, to terminate its existence on December 31, 1967. Pursuant to further provisions in the plan, Hallpark sold all of its assets to the newly formed Studebaker Corporation in return for the issue of Studebaker-Worthington common stock and the assumption of liabilities of Hallpark by

Studebaker-Worthington and the new Studebaker Corporation. Also, pursuant to the plan, Harrworth sold substantially all of its assets to the the new Worthington Corporation in exchange for Studebaker-Worthington stock and the assumption of Harrworth liabilities by Studebaker-Worthington, Inc. and new Worthington Corporation.

Upon the completion of the plan of reorganization, Harrworth shares were no longer transferrable on its books and it immediately mailed out instructions to its shareholders to provide for the surrender of outstanding Harrworth shares for the new Studebaker-Worthington shares. The details of the exchange are immaterial to this appeal.

The plan of reorganization was approved overwhelmingly by the stockholders of the old Worthington Corporation and, also, they approved the necessary amendments to Worthington Corporation's Certificate of Incorporation to change its name to Harrworth and to limit its corporate existence to December 31, 1967.

The plan authorized the retention by Harrworth of $4,000,000 to cover the expenses of the exchange, winding-up costs and liabilities of Harrworth not assumed by the new Worthington Corporation.

Harrworth proceeded to discharge these liabilities and ultimately returned all but $30,000 of the $4,000,000, which was retained by it to cover future expenses relating to the reorganization. The balance remaining of the $30,000 will ultimately be returned to Worthington pursuant to the terms of the plan.

Appellant has been a stockholder of Harrworth, Inc. or its predecessor, old Worthington, since 1944 and, at the present time, owns 74 shares of common stock and 10 shares of cumulative prior preferred stock. He did not vote his shares either for or against the plan of reorganization, or the Certificate of Incorporation amendments, nor did he seek by court action to forestall the reorganization. He has been informed that he may voluntarily surrender his old stock for the new Studebaker-Worthington shares at the rates provided for in the plan, but he has refused to do so.

Appellant seeks inspection of the list of stockholders of Harrworth who have not surrendered their stock in return for the new Worthington-Studebaker stock. He states his purpose to be the calling of a stockholders meeting to revive the Certificate of Incorporation of old Worthington Corporation, now Harrworth, Inc. This was appellant's position below, but he has abandoned the revival of the corporation as one of the reasons for which he seeks the stockholders' list of dissenting stockholders. The abandonment by appellant in this court of his desire to renew the Certificate of Incorporation makes it unnecessary for us to consider whether 8 Del.C. § 312 relating to the revival of corporate charters has any application to the circumstances of this case. We accordingly express no opinion upon this subject. We note, however, that § 312 applies to corporations "whose Certificate of Incorporation has expired by reason of failure to renew it." It is at least arguable that § 312 has no applicaition since the Certificate of Incorporation of Harrworth, Inc. expired by reason of a date limitation written into it by way of amendment.

The appellant has expressly disclaimed any desire to revive the corporate existence of Harrworth, Inc., even though this was one of the asserted purposes below for which he sought the stock list. It is not entirely clear from the papers before us, and from the oral argument, precisely what it is appellant seeks to do. Presumably, he seeks the dissident stockholders' list to obtain the names of those stockholders of Harrworth, Inc. who have not exchanged their Harrworth shares for shares of Studebaker-Worthington. The purpose he seeks to achieve apparently is to force a distribution among such stockholders of the amount remaining of the $4,000,000 withheld to terminate the existence of Harr-

worth and distribute that balance to the dissenting stockholders of Harrworth, and to force from the persons winding up the affairs of Harrworth an accounting to the dissenting stockholders of what is charged as a mismanagement of the termination of the existence of Harrworth, Inc. The question thus becomes whether or not such purposes are purposes sufficient to require the corporation to furnish a stock list to the applying stockholder.

 We note that the termination of the existence of Harrworth, Inc. was accomplished by amendment of the Certificate of Incorporation terminating the existence of the corporation pursuant to 8 Del.C. § 242(a) (6). This section authorizes the amendment of a Certificate of Incorporation limiting the duration of the corporation. As such, it is a legally permissible action for corporate activity under the Delaware General Corporation Law and when it is taken, it must be judged as an independent and distinct transaction unrelated to other sections of the General Corporation Law. Wolfensohn v. Madison Fund, Inc., Del.Ch., 247 A.2d 197, aff'd Del., 253 A.2d 72; Hariton v. Arco Electronics, Inc., 41 Del.Ch. 74, 188 A.2d 123. We therefore must take as an accepted result the fact that the termination of Harrworth, Inc. was accomplished in accordance with Delaware law and is therefore valid for all purposes.

In order to obtain an inspection and to copy the stock list of a Delaware corporation under 8 Del.C. § 220, the stockholder seeking the inspection must show a proper purpose "reasonably related" to such person's "interest as a stockholder" in the corporation, the stock list of which he seeks to inspect. Northwest Industries, Inc. v. B. F. Goodrich Co., Del., 260 A.2d 428; General Time Corporation v. Talley Industries, Inc., Del., 240 A.2d 755.

We think appellant has wholly failed to show any interest germane to his status as a stockholder of Harrworth, Inc. which would justify an order to produce the list of dissident stockholders of Harrworth for his inspection. The basic reason for this conclusion is that Harrworth, Inc., by action of the overwhelming majority of its stockholders, and in compliance with the Delaware General Corporation Law, has caused Harrworth, Inc. to cease to exist as a corporate entity. There are, accordingly, no stockholders with any legal status as stockholders of Harrworth. That corporation has terminated its existence. The most that former stockholder of Harrworth have today is the right to exchange their obsolete shares of Harrworth, Inc. for shares of Studebaker-Worthington Corporation. Consequently, it follows that appellant has no standing as a stockholder of Harrworth, Inc. to demand the inspection of any list.

The judgment of the court below is affirmed.