**CREDIT BUREAU REPORTS, INC., a corporation of the State of Delaware, Defendant Below, Appellant,**

**v.**

**CREDIT BUREAU OF ST. PAUL, INC., a corporation of the State of Minnesota, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

April 6, 1972.

———◆———

John P. Sinclair, of Potter, Anderson & Corroon, Wilmington, and John L. Jeffers, Jr. of Baker & Botts, Houston, Tex., for defendant below, appellant.

E. Norman Veasey, and R. Franklin Balotti, of Richards, Layton & Finger, Wilmington, for plaintiff below, appellee.

Before CAREY and HERRMANN, Associate Justices, and WRIGHT, Judge.

PER CURIAM:

The Chancery Court granted inspection of the defendant-corporation's stockholder list to the plaintiff-stockholder under 8 Del.C. § 220.[1]

We have affirmed for the reasons stated in the opinion below. See Del.Ch., 290 A.2d 689.

The case is governed by General Time Corporation v. Talley Industries, Inc., Del. Supr., 240 A.2d 755 (1968). There we stated that, under § 220, "the desire to solicit proxies for a slate of directors in opposition to management is a purpose reasonably related to the stockholder's interest as a stockholder"; and we held that "any further or secondary purpose in seeking the list is irrelevant". Those rulings are dispositive.

The corporation erroneously argues that Northwest Industries, Inc. v. B. F. Goodrich Company, Del.Supr., 260 A.2d 428 (1969) modified the aforementioned rules of *General Time*. On the contrary, *Goodrich* gave express recognition to *General Time* and its above-stated rulings.

The *Goodrich* case furnishes guidelines for the sufficiency of the statement of purpose in a demand for inspection under § 220. Here, the sufficiency of the statement of purpose is unquestionable.[2]

The defendant corporation also relies upon Pillsbury v. Honeywell, Inc., Minn., 191 N.W.2d 406 (1971). Insofar as the *Pillsbury* case is inconsistent herewith, it is inconsistent with 8 Del.C. § 220 as properly applied.

Affirmed.

---

1. 8 Del.C. § 220 provides in pertinent part:
   "(b) Any stockholder, * * * shall, upon written demand under oath stating the purpose thereof, have the right during the usual hours for business to inspect for any proper purpose the corporation's stock ledger, a list of its stockholders, and its other books and records, and to make copies or extracts therefrom. A proper purpose shall mean a purpose reasonably related to such person's interest as a stockholder. * * *."

2. The purpose was stated in the instant case as follows: " * * * for the purpose of communicating with said stockholders on matters relating to mutual interests as stockholders and for the purpose of soliciting their proxies in connection with the annual meeting of stockholders to be held in May, 1972, and more specifically to obtain said list to enable solicitation of proxies in connection with the election of members to the Board of Directors."

   Compare the purpose stated in *Goodrich*: "The purpose of this request is to enable the B. F. Goodrich Company to communicate with the other stockholders of your company with reference to a special meeting of the stockholders of your company."