**Theodore WEISMAN, Plaintiff,**

v.

**WESTERN PACIFIC INDUSTRIES, INC.,
a corporation of the State of Dela-
ware, Defendant.**

Court of Chancery of Delaware,
New Castle.

Submitted Aug. 13, 1975.

Decided Sept. 2, 1975.

Charles S. Crompton, Jr., of Potter, An-
derson & Corroon, Wilmington, for plain-
tiff.

Louis J. Finger, of Richards, Layton &
Finger, Wilmington and Richard F.
Fleischmann, of Zimet, Haines, Moss &
Goodkind, New York City, for defendant.

MARVEL, Vice Chancellor:

On July 14, 1975, plaintiff made a writ-
ten demand of defendant under oath for a
list of plaintiff's fellow holders of common
stock of Western Pacific Industries, Inc.,
the defendant corporation, such demand
having been made under the provisions of
8 Del.C. § 220. The demand stated in
part:

"3. My purpose in asserting my statu-
tory right of inspection is to communi-
cate with other holders of shares of
WPI's common stock with respect to the
management of WPI and the conduct of
its affairs."

Such demand was turned down by local
counsel for the defendant, who wrote to
plaintiff's counsel of record on July 15,
1975, as follows:

". . . WPI is prepared to comply
with the demand provided that it is as-
sured that Mr. Weisman's purpose is a
proper one. The language of the de-
mand is too general to enable WPI to
make such a determination, and we re-
quest to be advised more specifically as
to Mr. Weisman's purpose."

And while plaintiff's duly appointed attor-
ney or agent sought to give greater speci-
ficity to plaintiff's stated purpose in a let-
ter of July 16, 1975, adding information to
the effect that Mr. Weisman's purpose in
seeking to communicate with his fellow
stockholders was:

". . . with respect to how WPI
and its subsidiary, Western Pacific Rail-
road, may more profitably and benefi-
cially manage their resources and assets.",
such supplemental demand was not made
by an attorney or agent under oath and
will not be considered here in testing the

sufficiency of plaintiffs' statutory demand of July 14, 1975.

The defendant having thereafter declined to furnish a list of its stockholders as requested by plaintiff, this action ensued, and this is the opinion of the court after final hearing on plaintiffs' claimed right to inspect a list of his fellow stockholders of Western Pacific Industries, Inc.

8 Del.C. § 220 provides in part:

"(b) Any stockholder, in person or by attorney or other agent, shall, upon written demand under oath stating the purpose thereof, have the right during the usual hours for business to inspect for any proper purpose the corporation's stock ledger, a list of its stockholders . . . . and to make copies or extracts therefrom. A proper purpose shall mean a purpose reasonably related to such person's interest as a stockholder. . . .

"(c) . . . The Court of Chancery is hereby vested with the exclusive jurisdiction to determine whether or not the person seeking inspection is entitled to the inspection sought . . . Where the stockholder seeks to inspect the corporation's stock ledger or list of stockholders and he has complied with the provisions of this section respecting the form and manner of making demand for inspection of such documents, the burden of proof shall be upon the corporation to establish that the inspection he seeks is for an improper purpose. . . . "

In *Northwest Industries, Inc. v. B. F. Goodrich, Company*, Del.Supr., 260 A.2d 428 (1969), a case in which plaintiffs demand read as follows:

"The purpose of this request is to enable the B. F. Goodrich Company to communicate with the other stockholders of your company with reference to a special meeting of the stockholders of your company.",

the majority of the court held:

"In our opinion, § 220 required more, as a statement of 'purpose', than a mere statement of intent to[1] communicate with other stockholders of Northwest regarding a forthcoming meeting. If that were the limit of the statutory requirement, any stockholder stating a willingness to pay the expense of a mailing to other stockholders would be entitled to the list, regardless of the nature of the communication. We think that § 220 requires more as a statement of purpose, especially when, as we have held, a secondary purpose is irrelevant though improper. *General Time Corporation v. Talley Industries, Inc.*, Del., 240 A.2d 755 (1968). The 'purpose' required to be stated in the demand, under § 220, must be a 'proper purpose' in order to make the demand effective; this would appear to be necessarily implied from the juxtaposition of those terms in § 220. And a 'proper purpose' is defined as 'a purpose reasonably related to' the demander's 'interest as a stockholder.'

"Accordingly, in our view, § 220 required Goodrich to state in its demand the substance of its intended communication sufficiently to enable Northwest, and the courts if necessary, to determine whether there was a reasonable relationship between its purpose, i. e., the intended communication, and Goodrich's interest as a stockholder of Northwest. Admittedly, Goodrich had not acquired its stock in Northwest for investment purposes. Obviously, it was difficult if not impossible for Goodrich, within so few days after acquiring its stock in

---

1. The court did not comment on the earlier case of *Henshaw v. American Cement Corporation*, Del.Ch., 252 A.2d 125 (1969) in which it was noted: "His (Henshaw's) stated purpose was to enable him 'to communicate with his fellow stockholders of American Cement Corporation concerning the affairs of the Corporation.' A reasonable inference from the record is that Henshaw and others associated with him are preparing for a proxy fight prior to the Corporation's annual meeting scheduled for May 7."

Northwest, to reasonably relate the purpose of its demand to its interest as a stockholder of Northwest. Nevertheless, that was its obligation under § 220 from the outset."

And while the dissenting judge in the cited case observed that:

". . . . 8 Del.C. § 220 gives a practically absolute right of inspection to a stockholder of record who states a purpose in his demand reasonably related to his status as a stockholder." and that, "The desire to communicate with his fellow stockholders concerning a forthcoming stockholders' meeting already called is a purpose germane to the status of a stockholder of Northwest.", the rule of the cited case stands, *Credit Bureau Reports v. Credit Bureau of St. Paul, Inc.,* Del.Supr., 290 A.2d 691 (1972) in which the court noted:

"The *Goodrich* case furnishes guidelines for the sufficiency of the statement of purpose in a demand for inspection under § 220. Here, the sufficiency of the statement of purpose is unquestionable."

In other words, unless a demand in itself unspecific as to purpose can in some way successfully be given an expanded reading viewed in the light of surrounding circumstances, such as an impending stockholders' meeting at which a vote is to be taken affecting plaintiff's interest as a stockholder or an offer for tenders of stock, *Mite Corp. v. Heli-Coil Corp.,* Del.Ch., 256 A.2d 855 (1969); *Kerkorian v. Western Air Lines, Inc.,* Del.Supr., 254 A.2d 240 (1969) and *Henshaw v. American Cement Corporation,* Del.Ch., supra, a vague demand without more must a fortiori be deemed insufficient. Thus, it would appear clear that when an unspecific demand unrelated to an imminent stockholders' meeting or a tender offer or the like which will affect plaintiff's interest as a stockholder is made as here (it being clear on the present record that no meeting of stockholders of Western Pacific Industries, Inc., or other corporate proposal calling for stockholder consideration or for tenders is scheduled for the immediate future), such an unspecific demand necessarily fails to meet the strict requirement of the statute, *Northwest Industries, Inc. v. B. F. Goodrich Company,* supra.

Because the written demand under oath here in issue has been found in itself to be insufficient, the court does not reach a consideration of the evidence adduced at trial which is concerned with the propriety of plaintiff's purpose as opposed to his compliance with the formal demand requirement of the statute.

An appropriate form of order entering judgment for defendant may be submitted.