■ JULIAN GRACZYKOWSKI et al., Respondents, v FRANK E. RAMPPEN, Appellant, et al., Defendant. — Appeal from that part of an order of the Supreme Court at Special Term (Ellison, J.), entered March 31, 1983 in Broome County, which held that plaintiff Julian Graczykowski had standing to sue in his capacity as a shareholder and required defendant Frank E. Ramppen to post a bond of $150,000 pending the outcome of plaintiffs' shareholder's derivative suit. ¶ In 1978, plaintiff Julian Graczykowski and defendant Frank E. Ramppen entered into a business venture known as Fadco-Endicott. This business venture was engaged in the marketing of design and drafting services. In October, 1978, the business venture was incorporated under Delaware law as Fadco-Endicott, Inc., and became authorized to to business in New York State pursuant to section 1304 of the Business Corporation Law. The certificate of incorporation listed Graczykowski and Ramppen as managing stockholders, as permitted under section 351 of the Delaware General Corporation Law. No stock certificates were ever issued and there is no evidence of any subscriptions of stock in the record. Nevertheless, Graczykowski contends that he is a 50% shareholder in Fadco-Endicott, Inc. Additionally, Graczykowski maintains that he and Ramppen agreed that they would share the administrative duties and profits of the corporation equally, and that Ramppen would be president and secretary of the corporation and that Graczykowski would be vice-president. Ramppen disagrees with Graczykowski's description of the corporate structure by asserting that: "Although a certificate of incorporation was issued, the business was conducted with no corporate formalities. The corporation never issued any stock, no directors or officers were elected and no capital contributions were made to the business. Graczykowski and Ramppen agreed

to share profits in proportion to the services rendered by each of them in the business." ¶ According to Graczykowski, he and Ramppen agreed in May of 1979 to form a second corporation to do business in California. Thereafter, Fadco-West, Inc., was started in California. By August of 1979, Graczykowski was in California running Fadco-West. It is asserted by Graczykowski that Ramppen had agreed that Graczykowski would retain his 50% interest in Fadco-Endicott. Contrastingly, Ramppen claims that Graczykowski voluntarily withdrew from Fadco-Endicott against Ramppen's objections and that Ramppen later agreed to help Fadco-West only when promised a share of the profits. Furthermore, Ramppen claims that only he produced work for Fadco-Endicott and that Graczykowski has played no part in the operation of the corporation since his departure to California. ¶ In May of 1982, Graczykowski returned to the east coast and on May 17, 1982 made a demand to inspect the corporate books and records of Fadco-Endicott. Initially, it was agreed that Graczykowski could do so, but on May 18, 1982, this permission was revoked. At this time, according to Graczykowski, it was learned that a new corporation, Fadco-East, Inc., had filed a certificate of incorporation with the State of New York on February 22, 1982. Following Graczykowski's initial attempt to inspect the books and records of Fadco-Endicott, Graczykowski served a written demand for inspection on Ramppen. This demand was refused in a letter by counsel for Fadco-Endicott dated May 28, 1982. ¶ On June 18, 1982, Graczykowski and Fadco-Endicott, Inc., as plaintiffs, served a verified complaint and notice of motion on defendants Ramppen and Fadco-East. The complaint is a shareholder's derivative action in which Graczykowski alleges that defendants were responsible for a conspiracy to transfer the assets of Fadco-Endicott to Fadco-East. The subject application seeking a preliminary injunction restraining defendants from transferring assets of Fadco-Endicott or trying to dissolve it was then made. Additionally, plaintiffs sought appointment of a temporary receiver during the pendency of the shareholder's derivative suit. In a decision dated January 28, 1983, Special Term denied plaintiffs' motion for the appointment of a receiver and a preliminary injunction, but ordered defendant Ramppen to post a bond in the amount of $150,000. This appeal by Ramppen followed. ¶ The central issue in this case concerns Ramppen's contention that Graczykowski lacks standing to sue herein. In this regard, the "generally accepted choice-of-law rule with respect to such 'internal affairs' as the relationship between shareholders and directors" is to apply the law of the place of incorporation (*Zion v Kurtz,* 50 NY2d 92, 100). Consequently, to determine if Graczykowski qualifies to bring suit in a derivative action, Delaware law must be examined. ¶ Ramppen claims that Graczykowski is not a shareholder entitled to maintain the underlying action. This contention, however, must be rejected. The record, insofar as developed for this motion, indicates that equitable ownership of stock was possessed by Graczykowski since the certificate of incorporation lists Graczykowski as a shareholder, and there is no evidence to suggest that Graczykowski has sold said interest (see Folk, Delaware Corporation Law, p 486; see, also, *Jones v Taylor,* 348 A2d 188, 190-191 [Del]; *Maclary v Pleasant Hills,* 35 Del Ch 39). ¶ In any event, it should be noted that questions exist as to whether Graczykowski has standing to sue in an action as a director and officer of Fadco-Endicott. In this regard, if Graczykowski's affidavit is credited, he has standing to sue in an action as a director and officer of Fadco-Endicott. Pursuant to section 351 of the Delaware General Corporation Law, a close corporation such as Fadco-Endicott may provide in its certificate of incorporation that it shall be managed by the stockholders rather than by a board of directors. According to subdivision (2) of section 351 of the Delaware General Corporation Law: "Unless the context clearly requires otherwise, the stockholders of the corpora-

tion shall be deemed to be directors for purposes of applying provisions of this chapter". As a result, Graczykowski is a director who may bring an action under section 720 of the Business Corporation Law (see Business Corporation Law, § 103, subd [a]; §§ 1317, 1319, 1320). Additionally, pursuant to section 142 of the Delaware General Corporation Law, officers may be chosen by directors. Graczykowski maintains that he and Ramppen agreed to be officers for the corporation. Therefore, if Graczykowski's affidavit is credited, he has standing to sue as an officer of Fadco-Endicott. ¶ We have examined Ramppen's remaining contentions and find them unpersuasive. Contrary to Ramppen's assertion, the requirement of a bond was a permissible exercise of Special Term's discretion, as there is sufficient evidence to show that it is possible that defendants will remove assets from the State (cf. *Groh v Halloran,* 86 AD2d 30; *Matthews v Schusheim,* 18 AD2d 719, app dsmd 13 NY2d 756). The order should, therefore, be affirmed. ¶ Order affirmed, with costs. Mahoney, P. J., Kane, Weiss, Mikoll and Yesawich, Jr., JJ., concur.