■ In the Matter of CPF Acquisition Co., Inc., by A. Michael Kagan, a Shareholder, et al., Respondents, v CPF Acquisition Co., Inc., et al., Appellants, et al., Defendants. [682 NYS2d 3] —Order, Supreme Court, New York County (Herman Cahn, J.), entered May 30, 1997, which, in a shareholder derivative action, insofar as appealed from as limited by defendants-appellants' brief, denied defendants-appellants' motions to dismiss the amended complaint for lack of standing, unanimously reversed, on the law, with costs, and the matter remanded to the IAS Court for further consideration, including findings on whether plaintiff is qualified to serve in a fiduciary capacity as a representative of the subject corporation's shareholders.

Plaintiff's standing to sue is governed by Delaware law, that being the State of the subject corporation's incorporation (*see, Graczykowski v Ramppen*, 101 AD2d 978, 979; *Crouse-Hinds Co. v Internorth, Inc.*, 518 F Supp 390, 402, n 15, *rev in part on other grounds and dismissed in part* 634 F2d 690). Under Delaware law, a plaintiff in a shareholder derivative action, to have standing, must show both shareholder status at the time of the complained of transaction and qualification to serve in a fiduciary capacity as a representative of the shareholder class (*Youngman v Tahmoush*, 457 A2d 376, 379 [Del]). Here, the IAS Court, in mistakenly applying Business Corporation Law § 626, found that plaintiff satisfied the first requirement for standing under Delaware law, but failed to consider the second requirement and the various factors that delineate it (*see, supra*, at 379-380), some of which were the subject of conflicting evidence in the parties' motion papers. Accordingly, we remand for further consideration of the matter. The foregoing is not to be understood as foreclosing further submissions by the parties at the invitation of the IAS Court. Concur— Nardelli, J. P., Rubin, Tom and Andrias, JJ.