OPINION OF THE COURT
Kenneth R. Fisher, J.
Petitioners seek (1) an order from the court directing that respondents produce all corporate books and records for inspection pursuant to Business Corporation Law § 624; (2) the appointment of a receiver to administer the corporate assets; (3) a finding that respondents have breached their fiduciary duties to petitioners as mandated by Business Corporation Law §§ 715 and 717; (4) a finding that respondents have breached their fiduciary duties to petitioners under Business Corporation Law §§ 715 and 717 by failing to account for the tangible and intangible assets of Advanced Vision Technologies, Inc. (AVT); and (5) a finding that petitioners be recompensed for damages in at least the amount of $5,000,000 for respondents’ breach of duties in a derivative action pursuant to Business Corporation Law §§ 626 and 720.
All of the respondents filed responsive papers in which they seek dismissal of the petition and in doing so submit common arguments for dismissal. I will address individual arguments in this decision and order only when necessary, and in all other respects, the legal conclusions drawn herein are germane to all respondents.
Facts and Procedural Background
This petition concerns AVT, a corporation which was established as a Delaware corporation, and organized on or about October 14, 1994, when a certificate of incorporation was filed in Delaware with the Secretary of State for the State of Dela *964 ware. It is uncontroverted that AVT took what steps were necessary to subsequently be qualified in this state to do business in New York as a foreign corporation. It is equally agreed that AVT’s primary, if not exclusive, site for doing business was the greater Rochester, New York, area, with all business transactions originating there. Further, on or about December 8, 1994, AVT’s certificate of incorporation was amended which allowed AVT to issue 150,000 shares of stock, consisting of 50,000 as preferred shares, 55,000 as being class A common stock and 45,000 as being class B common stock. AVT was a wholly owned private corporation and all of these petitioners held class A common stock. It is also agreed that all of the petitioners invested cash in exchange for the shares of stock and none of the invested capital has ever been paid back to petitioners, nor have there been any dividends or payments on the shares. Petitioners, and affiant Michael D. Potter in particular, assert that AVT had assets in the amount of $6,800,000 as of November 24, 1999. In the course of its existence, AVT developed “valuable technology” which resulted in the establishment of approximately 27 patents.
AVT held a board of directors meeting on August 2, 2001, in which respondent Scott C. Arrington reported to the members of the board, as the chief executive officer and president of AVT, that, inter alia, AVT was penniless and would suspend operations on August 31, 2001. By memorandum dated December 6, 2001, AVT’s certified public accountants, Davie, Kaplan, Chapman and Braverman, asserted that the stock in AVT was deemed worthless. Arrington informed all stockholders and employees that AVT was closed for operations for good by letter dated December 7, 2001.
Potter has consistently claimed that he was improperly removed from his position as a member of the board of directors on or about July 11, 2000, and that the board was consistently inappropriately controlled by respondents Arrington and Robert Sperandio. Potter has argued that the improper conduct of those two respondents included, inter alia, accelerated compensation for them and the refusal to disclose or permit a review of the amounts by the full board. Potter has contended in this petition, on the behalf of all petitioners, that these particular respondents have wasted and/or misappropriated the assets of AVT, and, in doing so, have breached their fiduciary duties to the individual petitioners and AVT as a corporation. Potter has submitted that he has repeatedly made requests of the respon *965 dents to review the financial books of AVT, but he insists that all such requests were refused. His final request to that end was memorialized in a letter dated January 6, 2005 to Arrington. It is uncontested that during 2003, Potter went to Arrington’s home, with his permission, and was allowed to review, and copy if need be, 16 boxes of AVT records which Arrington had taken from AVT’s offices, upon its closing, to Arrington’s home. Arrington subsequently disposed of the boxes of records when he moved from a large home to his current smaller residence in 2004. It is unclear if Potter made copies of every document in the 16 boxes.
The winding down process of AVT has been completed, and the corporation has no further assets other than its patents which, it has been conceded, have not been maintained. AVT has had no employees since approximately August 1, 2001, and has not engaged in any business operations since that time. It is further uncontested that there have been no petitions or suits regarding AVT, other than the current one before the court.
Analysis and Discussion
The definitive factor in this case is determining which state’s law to apply to the facts of this case. In that regard, it is undisputed that AVT was incorporated in Delaware and was registered to do business in New York as a foreign corporation. It is generally held that the state law of the state of incorporation is the law to be applied. (O’Donnell v Ferro, 303 AD2d 567 [2d Dept 2003]; Hart v General Motors Corp., 129 AD2d 179, 183 [1st Dept 1987], citing CTS Corp. v Dynamics Corp. of America, 481 US 69, 89 [1987]; Graczykowski v Ramppen, 101 AD2d 978 [3d Dept 1984].)
There are, however, certain portions of the Business Corporation Law which are specifically applicable to foreign corporations doing business in New York by virtue of Business Corporation Law § 1319. For the purposes of this action, they would be Business Corporation Law §§ 623, 626 (“Shareholders’ derivative action brought in the right of the corporation to procure a judgment in its favor”), 627, 721, 808 and 907. (See also, 8A West’s McKinney’s Forms, Business Corporation Law § 13:20 [“New York Law Applicable to Foreign Corporations”] [2005].) But, even with that stated, under New York law, issues related to the “internal affairs” of a corporation are decided under the law of the state of incorporation because that state has an interest superior to that of other states in regulating the internal affairs of its own corporation. (BBS Norwalk One, Inc. *966 v Raccolta, Inc., 60 F Supp 2d 123 [SD NY 1999].) Moreover, even though under Business Corporation Law § 1319 a foreign corporation operating within New York is subject to provisions of the State’s substantive law, this statute is not a conflict of laws rule and does not compel the application of New York law; rather it must be viewed as the statutory predicate allowing New York to follow its conflict rules in determining the applicable law. (Lewis v Dicker, 118 Misc 2d 28 [Sup Ct, Kings County 1982]; 14 NY Jur 2d, Business Relationships § 3.) Accordingly, the cause of action brought as a derivative action under Business Corporation Law § 626, while allowed under Business Corporation Law § 1319 for jurisdictional purposes, must still be adjudicated herein by application of Delaware law. (Matter of CPF Acquisition Co. v CPF Acquisition Co., 255 AD2d 200 [1st Dept 1998]; Locals 302 & 612 of Intl. Union of Operating Engrs. — Empls. Constr. Indus. Retirement Trust v Blanchard, 2005 WL 2063852, 2005 US Dist LEXIS 17679 [SD NY, Aug. 25, 2005].) Of particular note to the present case, under New York law, a claim for breach of fiduciary duty owed to a corporation is governed by the law of the state of incorporation. (Medical Self Care, Inc. ex rel. Dev. Specialists, Inc. v National Broadcasting Co., 2003 WL 1622181, 2003 US Dist LEXIS 4666 [SD NY, Mar. 28, 2003]; BBS Norwalk One, Inc. v Raccolta, Inc., 60 F Supp 2d at 129.)
Therefore, based upon the foregoing principles and precedents, the issues presented in this petition will be decided under Delaware law. Here, since the first cause of action is brought exclusively under Business Corporation Law § 624, the third cause of action is brought exclusively under Business Corporation Law §§ 715 and 717, and the fourth cause of action is brought exclusively under Business Corporation Law §§ 715 and 717, they are dismissed because they fail to state a claim upon which relief can be granted. (See generally, CPLR 3211 [a] [7]; Leon v Martinez, 84 NY2d 83 [1994].)
Regardless of the foregoing conclusion, the petition would be dismissed through the application of the applicable Delaware law. The first cause of action seeks an order from the court directing the board of directors of AVT to produce for inspection the corporate and financial books and records of AVT and for an accounting. Under Delaware law, such a demand must be, inter alia, made in writing, under oath and the purpose of such a demand must be stated. (Del Code Ann, tit 8, § 220; Deephaven Risk Arb Trading Ltd. v UnitedGlobalCom, Inc., 2004 WL *967 1945546, 2004 Del Ch LEXIS 130 [2004]; Weisman v Western Pac. Indus., Inc., 344 A2d 267 [Del Ch 1975].) Moreover, such a demand must be made upon the corporation, an agent of the corporation, or a director or officer of the corporation. (Arnold v Society for Sav. Bancorp., Inc., 678 A2d 533 [Del 1996].) Additionally, the scope of the examination is limited to what is essential and sufficient to accomplish a specific stated purpose; it is not for the desire to satisfy curiosity or engage in a fishing expedition. (Mattes v Checkers Drive-In Rests., Inc., 2001 WL 337865, 2001 Del Ch LEXIS 47 [2001].) Lastly, a party’s subjective belief that waste and mismanagement had occurred, absent specific and credible facts, is insufficient to warrant an inspection of books and records. (Thomas & Betts Corp. v Leviton Mfg. Co., Inc., 681 A2d 1026 [Del 1996].)
Here, the demand made in this petition does not meet any of these requirements of Delaware Code Annotated, title 8, § 220. Even to the extent that such a request could have been served directly upon Arrington as a corporate officer at the time of the institution of this action, none of the other aforementioned criteria were met as they would have pertained to him. Moreover, there is every reason to believe that Arrington essentially complied with the substance of the request when he made all surviving corporate records available to Potter, Potter’s wife and his attorney, for inspection over at least a two-day period in 2003. Accordingly the first cause of action seeking inspection of the corporate books and records, to the extent that they have not already been provided to Potter, is dismissed.
The third and fourth causes of action both deal with claims that the respondents breached their fiduciary duties to petitioners, and for an accounting. Initially, it should be noted that such claims should have been brought as derivative suits. The Delaware Supreme Court recently held that whether a claim is direct or derivative turns solely on the following questions: who suffered the alleged harm, the corporation or the plaintiff stockholders individually; and who would receive the benefit of any recovery, the corporation or the stockholders individually. (Tooley v Donaldson, Lufkin & Jenrette, Inc., 845 A2d 1031, 1033 [Del 2004].) Further, in order to establish that the injury was a direct injury rather than a derivative one, a stockholder must demonstrate that the duty breached was owed to him or her and that he or she can prevail without showing an injury to the corporation. (Tooley v Donaldson, Lufkin & Jenrette, Inc., 845 A2d at 1039; In re J.P. Morgan Chase & Co., 2005 WL *968 1076069, 2005 Del Ch LEXIS 51 [2005].) This rationale that the causes of action must be brought derivatively pertains to those portions of the causes of action which seek an accounting as well. (In re J.P. Morgan Chase & Co., supra.) Because there is no individual injury to each petitioner and the injury was solely to the corporation, to the extent that these two claims were brought by the individual shareholders, they are dismissed.
Additionally, under Delaware law, a corporation may eliminate the personal liability of its directors to the corporation or its stockholders for the breach of fiduciary duties which those directors owed to the corporation. (Del Code Ann, tit 8, § 102 [b] [7].) The statute contains specifically listed exceptions to this general rule. A director may not exempt himself or herself from acts of misconduct, knowing violations of the law, or transactions in which the director derived an improper personal benefit. It is undisputed that AVT’s articles of incorporation included a provision which contained this personal liability exclusion language. Further, the causes of action only alleged misconduct and similar improper actions against Arrington and Sperandio. Therefore, to the extent that the third and fourth causes of action are lodged against the other named respondents, they are dismissed.
In regard to these two causes of action as they are brought against Sperandio and Arrington, they must be dismissed as well. The accusations contained in the petition are wholly conclusory in nature and fail to provide a single specific instance of these respondents improperly acting or profiting from their activities. Moreover, there is no date or time period ascribed to any particular activity which would give the court any direction as to these allegations. Additionally, respondents have provided the unrefuted independent audit reports and an accompanied expert affidavit explaining the reports, which support Arrington and Sperandio’s response that they had not improperly profited by their operation of AVT. Arrington and Sperandio are also protected by the Delaware business judgment rule which holds that there is a presumption that, in making a decision, the directors of a corporation will act in good faith and in an honest belief that the respective actions were taken in the best interests of the corporation. (Aronson v Lewis, 473 A2d 805, 812 [Del 1984].) Here, petitioner has failed to adequately rebut that presumption by failing to allege a specific act of misconduct. (Ash v McCall, 2000 WL 1370341, 2000 Del Ch LEXIS 144 [2000].)
*969 The fifth cause of action is partially brought as a derivative suit pursuant to Business Corporation Law § 626, which, as noted earlier, is permissible under Business Corporation Law § 1319. However, the law to be applied to this cause of action is still Delaware law. Under Delaware law, before a stockholder derivative suit is brought on behalf of the corporation, a stockholder must demand that the board of directors bring suit, unless the demand is excused on futility grounds. (Rales v Blasband, 634 A2d 927 [Del 1993]; Del Rules of Ch Ct rule 23.1; In re Delta & Pine Land Co. Shareholders Litig., 2000 WL 875421, 2000 Del Ch LEXIS 91 [2000]; see also, Adams v Banc of Am. Sec. LLC, 7 Misc 3d 1023[A], 2005 NY Slip Op 50714[U] [Sup Ct, NY County 2005].) Further, in order for the demand to be proper, there must be specific allegations of wrongdoing and a factual basis upon which the assertions of wrongdoing are based. (Allison on Behalf of General Motors Corp. v General Motors Corp., 604 F Supp 1106 [D Del 1985].) Moreover, a stockholder derivative action filed after a demand will be limited to the wrongs alleged in the demand itself. (Heineman v Datapoint Corp., 611 A2d 950 [Del 1992].) Here, the fifth cause of action should be dismissed because petitioners did not make a procedurally sufficient demand in that there are no specific assertions of wrongdoing upon which the corporation could seek correction or redress. The claim essentially is that the shareholders wish to know why the company went out of business. That factor does not support the necessary claim of breach of fiduciary duties which would give rise to the derivative suit sought here, and petitioners cannot seek to amend their claims outside of the wrongs alleged in the demand itself. Moreover, there is no proof that to have brought the demand would have been futile.
In addition to the foregoing regarding any causes of action grounded in an alleged breach of fiduciary duties, each is dismissible on the wholly separate ground that they were not filed in a timely fashion. While under New York law the statute of limitations for the breach of fiduciary duties is six years (CPLR 213), under Delaware law it is three years (Del Code Ann, tit 10, § 8106). Since these causes of action should have been brought in the name of the corporation, the claims belong to AVT. AVT, as an entity, is a nonresident petitioner, and as such, the court should apply the shorter of the two periods. (See CPLR 202.) Since AVT is not a resident petitioner, it is not accorded the application of the longer six-year statute of limitations, but rather the shorter period of its state of residency. Therefore, *970 those causes of action should have been brought within three years of accrual, and since they were not, the claims based upon assertions of various breaches of fiduciary duty should be dismissed as untimely. (Merine on Behalf of Prudential-Bache Util. Fund, Inc. v Prudential-Bache Util. Fund, Inc., 859 F Supp 715 [SD NY 1994].)
The remaining cause of action to be addressed is the second one which calls for the appointment of a receiver. Although Arrington welcomes the appointment of a receiver and respondent Joseph Niciforo does not oppose the request (although he presents legal impediments to such an appointment), the court is constrained to deny the request in light of the opposition of the remaining respondents and legal precedent. It is well settled that under Business Corporation Law § 1218 (a) (11), in any action or special proceeding brought against a foreign corporation, the action must be commenced within three years from the discovery by the petitioner of any asset of the corporation in the State of New York. Petitioners, as (at least) stockholders in the privately-owned corporation, knew that the assets of AVT were located in New York. Therefore, this action would have accrued in December 2001 when petitioners were distinctly aware that AVT was going to cease to do business. Since this action or special proceeding did not commence until the filing of this petition on or about November 18, 2005, it is not timely and should be dismissed regardless of whether or not the matter could have been converted from a special proceeding to a plenary action pursuant to CPLR 103 (c).*
If I were to apply the applicable Delaware statute, the result may vary slightly. Under Delaware Code Annotated, title 8, § 278, the statute of limitations to bring actions upon dissolved corporations is three years. This statute serves as an automatic extension of the corporate existence for three years. (City Inv. Co. Liquidating Trust v Continental Cas. Co., 624 A2d 1191 [Del 1993].) Therefore, under this statute and New York’s, the application for a receiver must have been within three years. *971 There is an exception under the Delaware statute. A party may apply to the Court of Chancery of Delaware for the appointment of a receiver regardless of the aforementioned limitation, and a receiver may then be appointed at any time when good cause is shown. (City Inv. Co. Liquidating Trust v Continental Cas. Co., supra; Addy v Short, 47 Del 157, 89 A2d 136 [1952]; Millbrook Owner’s Assn., Inc. v Hamilton Std., Div. of United Techs., Inc., 1996 WL 433755, 1996 Conn Super LEXIS 1880 [1996].) Accordingly, the application for the appointment of a receiver is time-barred at this time pursuant to my ability to act under either provision. Petitioners’ only available recourse is to apply to the Court of Chancery in Delaware and seek the exception by establishing good cause for the late application for the appointment of a receiver.
Conclusion
Based upon the foregoing law and facts, the petition is dismissed in its entirety.

 The court under normal circumstances would have the authority to exercise its discretion to convert this special proceeding to a plenary action as petitioners suggest pursuant to CPLR 103 (c). (Matter of Griffin v Panzarin, 305 AD2d 601 [2d Dept 2003]; see generally, Matter of Solkav Solartechnik, G.m.b.H. [Besicorp Group], 91 NY2d 482 [1998].) However, since the three-year statute of limitations applicable to foreign corporations under Business Corporation Law § 1218 applies to both “actions” and “special proceedings,” this petition is not timely regardless of whether it would be converted from a “special proceeding” to plenary action.