In the Matter of the Arbitration between KHOSROW HAKIMIAN et al., Appellants, and BEAR STEARNS & Co., INC., Respondent. [847 NYS2d 184]—

Judgment, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered November 28, 2006, denying the petition to vacate an arbitration award and granting respondent's cross motion to confirm the award and dismiss this proceeding, unanimously affirmed, with costs.

Petitioner hedge fund investors failed to show that the arbitration panel manifestly disregarded the law when it dismissed their derivative claims for lack of standing (*see Bear, Stearns Sec. Corp. v 1109580 Ontario, Inc.*, 409 F3d 87 [2d Cir 2005]; *Wallace v Buttar*, 378 F3d 182 [2d Cir 2004]). Whether the investors had standing to sue on behalf of the hedge fund, Olympus Partners, L.P., was to be determined by the law of Delaware, where the entity was organized (*see generally Matter of CPF Acquisition Co. v CPF Acquisition Co.*, 255 AD2d 200 [1998]). The other hedge fund entity whose interests the investors sought to represent, Olympus Partner Fund, Ltd., was organized in the Cayman Islands, and the investors admittedly failed to set forth the legal standing requirements for that jurisdiction in their statement of claim to the panel. In any event, as to Olympus Partners, the investors failed to allege under Delaware law that they were qualified to serve in a fiduciary capacity as a representative of all the interests in the hedge fund (*see id.*, citing *Youngman v Tahmoush*, 457 A2d 376, 379 [Del Ch 1983]). Furthermore, there was no showing by the investors that they had an interest in Olympus Partners at the commencement of the instant arbitration, or at the time the entity allegedly dissolved (*see Alabama By-Prods. Corp. v Cede & Co.*, 657 A2d 254, 264 [Del 1995]; *accord Tenney v Rosenthal*, 6 NY2d 204, 211 [1959]). The investors also failed to allege with particularity, inter alia, their presuit demand that the hedge fund's principals take appropriate action, or the futility of such demand (*see Stone ex rel. AmSouth Bancorp. v Ritter*, 911 A2d 362, 366-367 [Del 2006], citing Del Rules of Ch Ct rule 23.1; *accord Walker v Saftler, Saftler & Kirschner*, 239 AD2d 252 [1997]). The burden remained with the investors to establish standing to assert derivative claims (*see Alabama By-Prods.*

*Corp.*, 657 A2d at 264; *Strategic Asset Mgt., Inc. v Nicholson,* 2004 WL 2847875, 2004 Del Ch LEXIS 178 [2004]; *see also* Del Code Ann, tit 8, § 327), and, on this record, the panel could conclude that the investors did not meet that burden.

We have considered petitioners' remaining contentions and find them without merit. Concur—Tom, J.P., Saxe, Friedman, Gonzalez and Catterson, JJ.