THEODORA B. FROST, Individually and as Executrix, etc., of GEORGE S. FROST, Deceased, Appellant, v. A. PIERRE BACHMAN, as Executor, etc., of CHARLES G. HENSLEY, Deceased, Respondent.— The plaintiff brought an action to cancel and annul a certain contract entered into between her and the defendant's testator, an attorney, who at the time the contract was made was acting as her attorney.

---

* The decision of January 22, 1940, referred to in *Drake* v. *Horan* (*supra*), is as follows:

COMMISSIONER OF PUBLIC WELFARE OF THE CITY OF NEW YORK, on the Complaint of JEAN KAPLAN, Respondent, v. ROBERT DRAKE, Appellant.— Motion for leave to prosecute appeal as a poor person and to dispense with printing granted. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

It was received too late for insertion in proper place. (See 258 App. Div. 975.) — [REP.

The contract was prepared by the attorney, was beneficial to him and was based upon certain representations made by him therein. It was executed by the plaintiff without any independent advice. Upon the trial the plaintiff offered evidence to establish the relationship of attorney and client at the time the contract was made, the execution of the contract and other evidence from which it might be inferred that she acted without independent advice, and rested upon the theory that the burden of establishing that the contract was fair, just, equitable and free from all the elements of over-reaching was upon the defendant. The defendant rested without proof and the complaint was dismissed upon the ground that the burden of proof was upon the plaintiff. This was error. Under the facts in this record the burden was upon the defendant to establish that the contract was made with full knowledge of all the surrounding circumstances, that it was free in every respect from fraud on the part of defendant's testator or misconception on the part of the plaintiff, and that all was fair, open, voluntary and well understood by the client. (5 Am. Jur. 289, Attorneys at Law, § 50; 1 Story's Eq. Jur. [11th ed.] p. 324, § 310; *Whitehead* v. *Kennedy*, 69 N. Y. 462; *Matter of Howell*, 215 id. 466.) Judgment reversed on the law and the facts and a new trial granted, with costs in this court and the court below to abide the event. As there is to be a new trial, all findings of fact and conclusions of law are reversed. Carswell, Johnston and Close, JJ., concur; Lazansky, P. J., and Adel, J., dissent and vote to affirm on the ground that the rule applied is not inflexible and is not applicable to the facts here. (*Boyd* v. *Daily*, 85 App. Div. 581.)