■ Empire Mutual Insurance Company, Appellant, v United Service Automobile Association et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered April 25, 1975 in Sullivan County, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211. On January 16, 1967, Bonnie Sue Bache and Donald Sherman were involved in an automobile accident when the former's car, driven by the latter with the former as a passenger, veered off the road into a guardrail, causing injuries to Bonnie Bache.* The present plaintiff insured Bache and her automobile for liability covering any lawful operator having Bache's consent, with a maximum of $10,000 for any one claim. The defendant United Service Automobile Association (hereinafter U.S.A.A.) was the excess carrier, having issued a policy of insurance to Sherman. It is not disputed that the accident occurred when Sherman fell asleep at the wheel. Liability was sought to be avoided, however, by establishing that Bache was guilty of contributory negligence in having voluntarily and knowingly continued as a passenger in the vehicle being driven by Sherman when she knew that he was sleepy. The jury was properly charged on the question of contributory negligence, and the evidence clearly was susceptible of supporting a conclusion that Bache was not contributorily negligent in failing to foresee that Sherman would fall asleep. The jury so found, returning a verdict in Bache's favor for $25,000, $12,193.50 of which constituted the plaintiff's liability. This verdict was affirmed by the Appellate Division in the Second Department (Bache v Sherman, 40 AD2d 954). Plaintiff's present complaint seeks to recover the amount paid to Bache under its policy alleging that it was defrauded by the defendants. This fraud was allegedly perpetuated by Bache and Sherman agreeing that Bache would sue Sherman and that either or both would commit perjury by testifying that Bache was not aware that Sherman was tired at the time of the accident. As evidence of the fact that Bache did in fact know that Sherman was tired, plaintiff refers to a statement signed by Sherman on May 13, 1968, and which was given to U.S.A.A. but was not made known to plaintiff until February, 1974. Defendants Bache and Sherman moved to dismiss the action against them on grounds of res judicata and collateral estoppel. Special Term dismissed the complaint, noting that "The testimony complained of as constituting the alleged fraud by the defendants was subject to cross examination and it was also part of the record on appeal before the Appellate Division which affirmed the judgment." Plaintiff contends on this appeal that Special Term erred in applying this rule since plaintiff itself was not a party to the prior action and, therefore, is not subject to a defense of res judicata. We disagree. While plaintiff was not a named party in the prior negligence action, its interest was directly tied to Sherman's interest, and plaintiff had such control of the action as to be considered a real party in interest. In fact, during the negligence action, plaintiff was in actuality defending its own interest since plaintiff rather than Sherman stood to lose financially by an adverse verdict. The attorney who conducted the defense for Sherman was procured by plaintiff, and it was plaintiff's attorney who prosecuted the posttrial appeal. As indemnitor of Sherman, plaintiff clearly falls within the group of exceptions set forth in Israel v Wood Dolson Co. (1 NY2d 116) establishing situations where a nonparty will be subject to the rule of res judicata in a subsequent action. Plaintiff's contention that it does

---

* Donald Sherman and Bonnie Bache are now husband and wife. At the time of the events above recited, however, they were unmarried. For purposes of convenience we shall refer to them by their premarital identities.

not seek to collaterally attack the prior judgment, but rather seeks to recover for a separate fraud, is lacking in merit. That such a contention clearly elevates form over substance has been recognized in a long line of cases clearly establishing that an action for fraud does not arise from alleged perjury in prior proceedings, unless the perjury is a means to the accomplishment of a fraudulent scheme which goes beyond the prior action. This rule was most recently reiterated by the Court of. Appeals in *Newin Corp. v Hartford Acc. & Ind. Co.* (37 NY2d 211, 217–218). Plaintiff also contends that the result in this case is contrary to the well-settled principle that an insurer may disclaim liability when it is materially misled by its insured as to the facts constituting the defense. Without deciding whether an insurer can disclaim liability after a verdict has been rendered and payment under the policy made, we hold that on the facts presented, plaintiff would not have been entitled to disclaim. The statement relied on by plaintiff, in which Sherman stated that he had pulled off the road to rest approximately one-half hour before resuming the journey is not at all inconsistent with the testimony of Sherman and Bache that the latter did not know that the former was tired when he did in fact resume the journey after resting. The cases relied on by plaintiff where disclaimer was allowed all consist of a fact pattern in which the insured gave statements to its carrier which were directly contradicted by subsequent testimony. Plaintiff's second cause of action alleges a tortious wrong by U.S.A.A. in not furnishing plaintiff with Sherman's statement. We agree with Special Term that plaintiff has alleged no facts showing a breach by U.S.A.A. of any duty owing to plaintiff. Order affirmed, with costs. Greenblott, J. P., Sweeney, Koreman, Main and Reynolds, JJ., concur.