■ ABRAMS, KISSELOFF AND KISSIN, Respondent, v 160 BLEECKER STREET ASSOCIATES et al., Appellants.—Order of the Supreme Court, New York County, entered April 14, 1978, granting plaintiff's motion for summary judgment in lieu of complaint and denying defendants' cross motion to consolidate plaintiff's action with one commenced by defendants against partners in plaintiff law firm and others, unanimously reversed insofar as appealed from, on the law, without costs and without disbursements, to the extent of denying the motion for summary judgment in lieu of complaint, and directing service of pleadings. In this suit where plaintiff, a law firm, moved for summary judgment in lieu of complaint, defendants are former clients of plaintiff. Defendants at one time were partners with two of the partners in plaintiff law firm in the rehabilitation of two buildings on West 78th Street and West 82nd Street respectively and had performed construction work thereat. Because of a dispute arising from the sale of the West 78th Street building plaintiff and defendants negotiated and executed a settlement agreement pertaining to that transaction and legal fees owed by defendants to plaintiff. Defendants were not represented by independent counsel in the settlement. The agreement provided, *inter alia,* that if suit were to be instituted by plaintiff on a series of promissory notes totaling $42,926.31 (which defendants executed representing payment due plaintiff for legal services performed with a credit to defendants of $15,000), defendants would not be entitled to a setoff, defense or counterclaim therein based on work performed by defendants on the West 82nd Street building. Defendants claimed they were owed $41,000 for such work. When payment of this latter amount was not forthcoming, defendants commenced a plenary action to recover that sum against partners in plaintiff law firm and others who had an interest in the West 82nd Street building. Thereupon plaintiff commenced this lawsuit against defendants by service of summons and motion for summary judgment for recovery of the unpaid balance of

$32,194.80 with interest under the notes. Defendants responded that they were fraudulently induced to enter the settlement agreement which gave rise to the series of promissory notes, upon plaintiff's representations that defendants would be paid the $41,000 defendants claimed for the rehabilitation work on West 82nd Street. Special Term granted plaintiff's motion for summary judgment and denied defendants' cross motion to consolidate the action. However, we note that on this appeal, defendants, as limited by their brief, only contest that part of the order which granted plaintiff summary judgment on the notes. Where an agreement is entered into between an attorney and a client unrepresented by independent counsel, the burden is on the attorney to establish absence of fraud on the part of the attorney and that all the terms were fully understood by the client *(Howard v Murray,* 43 NY2d 417; *Frost v Bachman,* 259 App Div 745, affd 283 NY 744; *Matter of Howell,* 215 NY 466). In this case, the provision of the agreement which bars setoffs, defenses and counterclaims should not be given conclusive effect where defendants clients claim that they were promised payment on the rehabilitation project and payment has not been made. Since plaintiff has the burden of establishing lack of fraud and overreaching, defendants' assertion of fraud in the inducement is sufficient to defeat plaintiff's request for summary judgment. Concur—Kupferman, J. P., Birns, Lane and Markewich, JJ.