OPINION OF THE COURT
 

 Chief Judge Cooke.
 

 It is determined here that a shareholder derivative action may be maintained even though commenced after the subject corporation has effected a dissolution and distributed its assets.
 

 This derivative suit, brought in the name and on behalf of Sterling Communications, Inc., was commenced by plaintiffs against defendants, Time, Inc., and the officers and directors
 
 *262
 
 of Sterling. The thrust of the litigation is directed at the relationship of Time and Sterling. Beginning in 1965, Time made investments in Sterling and by 1973 Time played a dominant role in the corporation, owning approximately 80% of the stock and controlling Sterling’s management. A majority of Sterling’s directors are alleged to have been officers of Time.
 

 On September 7, 1973, Sterling shareholders approved the sale of all corporate assets to Time, and authorized the dissolution of Sterling and distribution of its assets. These actions were accomplished almost immediately and the present action was commenced approximately six months later. According to the complaint, the officers and directors of Sterling, at the behest of Time, engaged in a course of deliberate mismanagement between 1970 and 1973 which depressed the value of Sterling stock, enabling Time to acquire Sterling at a price below its true value. The relief sought, on behalf of Sterling, is the difference between the 1970 value and the 1973 depressed value, approximately $15,000,000 as measured by the decline in the price of stock.
 

 At Special Term, Time moved for summary judgment on the ground that plaintiffs lacked standing to sue. The motion was granted, with a finding that plaintiffs were not shareholders of Sterling at the time the suit was brought, and thus a derivative action would not lie under subdivision (b) of section 626 of the Business Corporation Law. A unanimous Appellate Division agreed, and stated "since Sterling had been dissolved prior to commencement of the action, plaintiffs lack necessary standing to proceed by or in the right of the corporation * * * [A]t the time suit was instituted, the corporate entity did not exist” (66 AD2d 391, 393). The order of the Appellate Division should be reversed.
 

 The common law, as developed in England, held that causes of action in favor of or against a corporation abated upon dissolution (e.g.,
 
 Shayne
 
 v
 
 Evening Post Pub. Co.,
 
 168 NY 70, 75-77). Whatever the origins of this rule, the New York courts long ago rejected it, and held that a cause of action accruing before dissolution may be interposed by or against the dissolved corporation
 
 (id.).
 
 A similar approach is now codified in the Business Corporation Law, which permits a dissolved corporation to "sue or be sued in all courts and participate in actions and proceedings” (Business Corporation Law, § 1006, subd [a], par [4]). And, the predecessor to the Business Corpo
 
 *263
 
 ration Law has been construed to allow a dissolved corporation to participate in a proceeding, even after distribution of assets (see
 
 Matter of Milton L. Ehrlich, Inc. [Unit Frame & Floor Corp.],
 
 5 NY2d 275). Thus, a corporation continues to exist as a legal entity after dissolution in New York, at least for the purposes of actions and proceedings. Moving a step further, the question now arises as to whether a shareholder has standing to maintain an action on behalf of such a corporation.
 

 Subdivision (b) of section 626 of the Business Corporation Law imposes upon the plaintiff in a derivative action a dual requirement as to the ownership of stock: "it shall be made to appear that the plaintiff is * * * [a shareholder] at the time of bringing the action and * * * at the time of the transaction of which he complains”.
 
 [1]
 
 Ownership at the time of the alleged wrong, known as the contemporaneous ownership doctrine, originated in the Federal courts to preclude a shareholder from manufacturing diversity jurisdiction by transferring stock to a nonresident after a cause of action has accrued (see
 
 Hawes v Oakland,
 
 104 US 450; Henn, Corporations [2d ed], § 362, p 766). Later, the rule was adopted by State courts and Legislatures "to prevent litigious persons from buying stock for the purpose of bringing suit as to alleged past mismanagement” (e.g.,
 
 Myer v Myer,
 
 271 App Div 465, 473, affd 296 NY 979; accord Henn, Corporations [2d ed], § 362, p 766). Because it seeks to foster public policy by inhibiting speculation in litigation, the contemporaneous ownership rule must, as a general matter, be rigorously enforced.
 

 The requirement that ownership continue until commencement of the derivative action, on the other hand, is rooted in practical considerations. Although in a theoretical sense a derivative action is brought for the benefit of the corporation, "In a very real sense * * * the standing of the shareholder is based on the fact that * * * he is defending his own interests as well as those of the corporation”
 
 (Tenney v Rosenthal,
 
 6 NY2d 204, 211; see, also,
 
 Sorin v Shahmoon Inds.,
 
 30 Misc 2d 429, 432). Where the plaintiff voluntarily disposes of the stock, his rights as a shareholder cease, and his interest in the
 
 *264
 
 litigation is terminated
 
 (Tenney v Rosenthal, supra,
 
 at p 211;
 
 Hanna v Lyon,
 
 179 NY 107, 110-111). Being a stranger to the corporation, the former stockowner lacks standing to institute or continue the suit.
 

 But when the corporation has dissolved, the shareholder’s interest does not abruptly end. At a minimum, the stockholder possesses a substantial interest in the distribution of corporate assets.
 
 [2]
 
 And, even if dissolution and distribution of assets are accomplished contemporaneously, the shareholder’s stake in any cause of action existing in favor of the corporation remains quite real. From a purely analytical standpoint, then, a shareholder of a dissolved corporation has sufficient interest in a derivative action to satisfy the spirit of the rule requiring ownership at the commencement of the action.
 

 This analysis is confirmed by section 1006 of the Business Corporation Law, which provides that "The dissolution of a corporation shall not affect any remedy available to * * * [its] shareholders for any right or claim existing * * * before such dissolution” (Business Corporation Law, § 1006, subd [b]). Under this statute, the rights and remedies of the shareholders existing prior to dissolution are viewed as if the dissolution never occurred. It follows that the corporate dissolution in itself cannot preclude a qualified plaintiff from being deemed a shareholder "at the time of bringing the [derivative] action” (Business Corporation Law, § 626, subd [b]).
 

 The only obstacle raised by defendant to the maintenance of this derivative action was the alleged lack of standing of the plaintiff shareholders after dissolution. Since the dissolution, without more, did not deprive the shareholders of their derivative remedy, the action was improperly dismissed except as to those shareholders who availed themselves of their appraisal rights under subdivision (e) of section 623 of the Business Corporation Law. Accordingly, the order of the Appellate Division should be modified, with costs, and the motion of defendant Time, Inc., for dismissal of the complaint denied.
 

 Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
 

 Order modified, with costs, in accordance with the opinion herein and, as so modified, affirmed.
 

 [1]
 

 . Section 626 allows a derivative action to be maintained "by a holder of shares or of voting trust certificates of the corporation or of a beneficial interest in such shares or certificates” (Business Corporation Law, § 626, subd [a]). For convenience, these persons will collectively be referred to as "shareholders” or "stockholders”, and the statutory requirements will be referred to as stock or share ownership.
 

 [2]
 

 . In New York, nonjudicial dissolution may be completed prior to liquidation and distribution of assets (see Business Corporation Law, §§ 1001, 1005, 1006).