■ BRIAN B. CARR et al., Appellants, v FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF ROCHESTER, Respondent.—In an action, inter alia, to remove the defendant as escrowee of the plaintiffs' mortgage escrow account, and for damages resulting from the defendant's alleged wrongful withholding of certain moneys, the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Ferraro, J.), entered July 28, 1986, which granted the defendant's motion for summary judgment dismissing the complaint, and granted the defendant's application for attorney's fees with the amount to be set at a hearing to be held on notice to the plaintiffs, and (2) an order of the same court, entered December 16, 1986, which, inter alia, denied the plaintiffs' motion for leave to renew.

Ordered that the order entered July 28, 1986, is modified, on the law, by (1) deleting the provision thereof which granted the defendant's application for attorney's fees and directed that a hearing be held on notice to the plaintiffs, with respect "to defendant's request for attorney's fees" and (2) substituting therefor a provision denying the defendant's application for attorney's fees; as so modified, the order entered July 28, 1986, is affirmed, without costs or disbursements; and it is further,

Ordered that the order entered December 16, 1986, is affirmed, without costs or disbursements.

Contrary to the plaintiffs' allegations, the defendant, as escrowee, was authorized under the mortgage agreement to increase escrow charges based on estimated future expenses, and the defendant did not violate Federal law in the amount of the increase (12 USC § 2609).

The remaining allegations in the complaint focus on two minor bookkeeping errors committed by the defendant, which were subsequently corrected, and the defendant's failure to pay plaintiffs' property taxes before they became delinquent. However, the record indicates that the plaintiffs' monetary damages from the defendant's conduct are de minimis, and, under all of the circumstances, removal of the bank as escrowee of the plaintiffs' mortgage account is not warranted. Accordingly, the Supreme Court, Westchester County, correctly granted summary judgment to the defendant dismissing the complaint in its entirety.

However, the Supreme Court improperly held that the defendant was entitled to attorney's fees for its defense of the present action. It is well settled that as a general rule the prevailing party in litigation may not collect attorney's fees from the loser unless such an award is authorized by agreement between the parties (*Matter of A.G. Ship Maintenance Corp. v Lezak,* 69 NY2d 1, 5; *see also, Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 21-22). The mortgage agreement at bar provides that attorney's fees are recoverable where it is necessary for the defendant "to defend or uphold the lien of the mortgage or the bond, note or obligation which it is given to secure". Since the present action does not in any way attack the mortgage lien, the defendant is not entitled to an award of attorney's fees, and the order has been modified accordingly. Mangano, J. P., Niehoff, Spatt and Harwood, JJ., concur.