■ Robert Schoettmer, Individually and as a Shareholder of F.G.S. Realty Corp. and A.B.C. Body Co., Inc., Respondent, v F.G.S. Realty Corp. et al., Appellants, et al., Defendant.—In a stockholder's derivative action with respect to two corporations based upon alleged waste and mismanagement, the defendants F.G.S. Realty Corp., A.B.C. Body Co., Inc., Robert S. Gable, and Arthur Falco appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Williams, J.), dated December 22, 1986, as denied their motion for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the appellants' contentions, the record establishes that the plaintiff was a shareholder in both the corporations in question at the time the instant suit was brought and at the time the alleged acts of corporate mismanagement of which he complains were committed *(see,* Business Corporation Law § 626 [b]). The record in this respect reveals that in their answer dated November 1983 the corporate appellants admitted that the plaintiff "appears to own shares of both corporations", and conceded that the plaintiff was present at an April 1983 meeting of the shareholders, at which a vote relative to the sale of certain real property was conducted, which sale represents one of the transactions upon which the plaintiff premises his claims of corporate mismanagement. Moreover, in an affidavit submitted in support of the motion for summary judgment, the defendant Gable conceded that the corporation had made advances between 1980 and 1982 to the plaintiff's grandmother against her "interest" in the

shares of the defendant A.B.C. Body Co., Inc. Since both the plaintiff and his grandmother held equal interests, each having acquired their stock interest through the devise contained in the last will and testament of Henry Schoettmer, the plaintiff's grandfather, this concession establishes that the plaintiff held an "interest" sufficient to grant him standing in this proceeding. In light of the foregoing, and upon consideration of the entire record, we conclude that the Supreme Court properly determined that the plaintiff was eligible to maintain the suit as a shareholder's derivative action.

Finally, that branch of the appellants' motion which was for summary judgment with respect to the substance of the plaintiff's allegations of mismanagement was properly denied. On the record before us, it cannot be said that the appellants have made a prima facie showing of entitlement to judgment as a matter of law by tendering sufficient evidence to eliminate any material issues of fact from the case (see, *Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 852). Rubin, J. P., Kooper, Sullivan and Balletta, JJ., concur.