■ SMERLING ENTERPRISES, INC., et al., Respondents, v ALAN GOLDSTEIN, Appellant and Third-Party Plaintiff-Appellant. BERENSON, BERENSON, ADLER & Co., Third-Party Defendant-Respondent.—Order, Supreme Court, New York County (Alfred Toker, J.), entered July 9, 1991 which granted plaintiffs' motion for summary judgment dismissing defendant's first and third counterclaim and which granted third-party defendant's motion for partial summary judgment, unanimously affirmed, with costs.

Defendant became the president and chief operating officer of plaintiff Smerling Enterprises, Inc. (SEI) in 1984 pursuant to an employment contract and simultaneously was given 10% of the stock of SEI's parent corporation. In 1987 when defendant complained about the individual plaintiff Smerling's practice of selling corporate assets for cash, he was discharged. This lawsuit ensued and defendant Goldstein asserted counterclaims based on the diversion of assets from the corporation due to the cash sales. However, these allegations, contained in the first and third counterclaims, may only be asserted in a shareholder's derivative action and may not be

maintained individually as defendant attempts to do *(Abrams v Donati,* 108 AD2d 704, *affd* 66 NY2d 951). Nor can the third-party complaint stand against the corporation's accountants, since it was not shown, beyond the amount set forth by the trial court, that defendant relied on the financial statements to his detriment *(see, Credit Alliance Corp. v Andersen & Co.,* 65 NY2d 536). Concur—Milonas, J. P., Ellerin, Kupferman, Ross and Smith, JJ.