■ ANGELO P. RAINALDI et al., Respondents, v JOHN T. MORAN, Appellant. [625 NYS2d 338] —Yesawich Jr., J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Rosato, J.), entered July 13, 1993 in Westchester County, which, *inter alia,* granted plaintiffs' motion for summary judgment.

After negotiating the terms of the transaction with defendant, plaintiffs sold all of the stock in a business they owned to H.F. Raab Plumbing & HVAC, Inc. (hereinafter the corporation), a corporation owned by defendant's mother and wife. The bulk of the purchase price was secured by two promissory notes totaling $1 million, issued by the corporation and guaranteed by defendant personally.

Several months later, the corporation ceased making the payments called for under the notes and, shortly thereafter, requested arbitration in accordance with the terms of the stock purchase agreement, alleging that plaintiffs had fraudulently induced it to purchase the business by misrepresenting the inventory and net income thereof. In its arbitration pleading, the corporation sought rescission of the agreement or, alternatively, damages. Plaintiffs then filed a complaint against defendant to recover on the guarantees. Defendant answered with general denials and interposed, as an affirmative defense, that the corporation's failure to tender payment on the notes was justified by plaintiffs' fraud, deceit and breaches of warranty, "as more particularly set forth in the pleadings in [the pending] arbitration".

After an extensive hearing spanning 11 months, the arbitrator, without making specific factual findings or elaborating on the basis for his decision, awarded the corporation $83,600 and apportioned the arbitration fees. Plaintiffs then moved against the corporation for summary judgment on the notes (see, CPLR 3213); the corporation did not oppose this motion but separately petitioned for confirmation of the arbitration award, and plaintiffs cross-petitioned for modification of the award to the extent that it be declared an offset against the amount owed under the notes. Plaintiffs also moved for summary judgment in the action previously commenced against defendant, and defendant cross-moved for similar relief.

In an order disposing of all of these related matters, Supreme Court found, with respect to plaintiffs' action on the guarantees, which is the subject of this appeal by defendant, that defendant had been in privity with the corporation, and therefore was collaterally estopped from relitigating the issues that had been decided in the arbitration. Because we agree that defendant is bound by the arbitrator's resolution of the fraud issues central to his defense, we affirm.

At issue here is whether the privity requirement has indeed been met (see, Green v Santa Fe Indus., 70 NY2d 244, 253; Watts v Swiss Bank Corp., 27 NY2d 270, 277-278; Empire Mut. Ins. Co. v United Serv. Auto. Assn., 50 AD2d 676). To support their contention that privity exists, plaintiffs have provided evidence that defendant, although neither a stockholder nor a director—significantly, he stated that this was by his own choice, indicating that he could have assumed either status had he desired—was clearly the guiding force behind the corporation itself. It was he who recommended to his wife and mother that they purchase the business, having investigated

several businesses for the purpose of replacing the income he had previously earned in the securities business; he negotiated the price and terms, actively participated in the daily management of the corporation and in financial and investment matters, trained personnel and had input into all of the corporate decisions. He also received income and liberal perquisites from the corporation. Taken together, these facts indicate that defendant had substantial control over the corporation's resources and operations. That he had such power, and hence was in a position to select the legal theories and proofs to be advanced in the arbitration, was also evidenced by the pervasiveness of his participation in that proceeding itself, at which he not only testified at length, but was present and conferred with the corporation's counsel repeatedly.

In response to this convincing showing by plaintiffs, defendant, apparently unable to controvert any of plaintiffs' factual allegations, offers only conclusory assertions that he is not bound by the arbitrator's decision. As Supreme Court was not faced with any unresolved factual questions, it did not err in finding defendant to be in privity with the corporation for collateral estoppel purposes *(see, Shire Realty Corp. v Schorr,* 55 AD2d 356, 363).

That being the case, and given that defendant explicitly formulated his defense to this action by reference to the very issues that were presented to, and rejected by, the arbitrator— namely, assertions that the underlying purchase agreement is invalid as having been fraudulently induced—no issues remain to be determined and summary judgment was properly granted to plaintiffs. The arbitrator's decision to award damages, rather than to rescind the purchase agreement as the corporation had requested, necessarily encompasses a finding that plaintiffs' fraud or misrepresentation was not sufficiently egregious to invalidate that contract or the obligations resulting from it; accordingly, defendant is now estopped from arguing that it was. While defendant maintains that his claims of fraud are directed to the validity of the guarantees themselves, and not that of the stock purchase agreement, his pleading indicates otherwise *(see, Walcutt v Clevite Corp.,* 13 NY2d 48, 55). Moreover, inasmuch as defendant was the sole negotiator and decision maker with respect to the stock purchase, and his allegations of fraud in the inducement of the guarantees are premised on the same purported misrepresentations that formed the basis for the arbitration, his claims that the two issues are factually discrete is, at best, disingenuous.

Cardona, P. J., Crew III, White and Casey, JJ., concur. Ordered that the order is affirmed, with costs.