■ IRWIN P. MATTES et al., Respondents, v MICHAEL RUBINBERG et al., Appellants. [632 NYS2d 793] —In an action, *inter alia,* to recover outstanding amounts due under a contract of sale

and two promissory notes, the defendants appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Saladino, J.), entered March 17, 1992, which is in favor of the plaintiffs and against them, among other things, awarding damages and dismissing their affirmative defenses and counterclaims.

Ordered that the order and judgment is modified, on the law, by (1) deleting therefrom so much of the first decretal paragraph as granted the plaintiffs' motion for summary judgment in all respects and substituting therefor a provision granting those branches of the plaintiffs' motion which were for summary judgment dismissing the first, third, and fourth counterclaims and the related affirmative defenses pertaining to fraud, an accounting, and restitution of wrongfully diverted corporate assets, (2) deleting the second through sixth decretal paragraphs, and (3) adding thereto a decretal paragraph denying the branch of the plaintiffs' motion which was for summary judgment on the second counterclaim for breach of contract and the related affirmative defenses as well as the affirmative defense to the imposition of attorney's fees; as so modified, the order and judgment is affirmed, with costs to the appellants, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

In a prior Federal action commenced by the defendants Michael Rubinberg and Francis Lee, the plaintiffs were granted summary judgment on the defendants' securities fraud claims concerning the sale of a business under section 10 (b) of the Securities Exchange Act of 1934 (15 USC § 78j [b]) and Securities Exchange Commission Rule 10b-5 (17 CFR 240.10b-5 [1990]) *(see, Rubinberg v Hydronic Fabrications,* 775 F Supp 56). In granting summary judgment to the plaintiffs, the Federal court determined, as a matter of law, that the defendants did not rely on any alleged misrepresentations or omissions and were reckless in not exercising due diligence *(Rubinberg v Hydronic Fabrications, supra).* After dismissal of the only Federal claim, the Federal court dismissed the remaining pendent State-law claims, without prejudice, after declining to exercise pendent jurisdiction *(Rubinberg v Hydronic Fabrications, supra).*

The plaintiffs then commenced this action seeking amounts due on promissory notes and taxes arising from the contract of sale of the same business. The defendants, in turn, interposed various affirmative defenses and counterclaims similar or identical to the State common-law claims interposed in their prior Federal action. The Supreme Court determined that in light of the Federal determination, all counterclaims and affir-

mative defenses were barred on the ground of res judicata and collateral estoppel, and it awarded the plaintiffs summary judgment on the amounts sought on the promissory notes and for taxes, plus prejudgment interest, as well as attorney's fees, costs, and disbursements.

The Supreme Court erred in determining that the counterclaims and affirmative defenses relating to fraud, breach of contract, an accounting, and restitution of wrongfully diverted corporate assets were barred by the doctrine of res judicata in light of the prior Federal determination. All State-law claims in the Federal action were dismissed and expressly not decided because the Federal court declined to exercise pendent jurisdiction *(see, e.g., McLearn v Cowen & Co.,* 48 NY2d 696, 698, *different result reached on reh* 60 NY2d 686; *Smith v Russell Sage Coll.,* 54 NY2d 185, 192; *Salwen Paper Co. v Merrill Lynch, Pierce, Fenner & Smith,* 72 AD2d 385, 389-391).

Nonetheless, in light of the Federal determination that the defendants did not rely on any alleged misrepresentations or omissions and were reckless in not exercising due diligence, the Supreme Court properly determined that the defendants were collaterally estopped from asserting that they justifiably relied on similar or identical misrepresentations or omissions *(see, Mallis v Bankers Trust Co.,* 615 F2d 68, 80-81, *cert denied* 449 US 1123; *RAM Inv. Assocs. v Citizens Fid. Bank & Trust Co.,* Fed Sec L Rep 97,011; *Rainaldi v Moran,* 214 AD2d 836; *Sahn v AFCO Indus.,* 192 AD2d 480, 481; *Matter of Luciano v Brattan,* 192 AD2d 658; *Van Emrik v Chemung County Dept. of Social Servs.,* 191 AD2d 143, 146; *Country World v Imperial Frozen Foods Co.,* 186 AD2d 781; *East 15360 Corp. v Provident Loan Socy.,* 177 AD2d 280, 281). As a result, the plaintiffs were properly granted summary judgment dismissing the first counterclaim for fraud and the related affirmative defenses.

Application of the doctrine of collateral estoppel to the remaining counterclaims and affirmative defenses in light of the prior Federal determination was, however, erroneous. The Federal court did not determine any other issue which would estop the defendants from interposing nonfraud related counterclaims and affirmative defenses.

We nevertheless find that the plaintiffs were properly granted summary judgment dismissing the third and fourth counterclaims for an accounting and restitution of wrongfully diverted corporate assets based on preclosing expenditures or reimbursements, as the defendants could not demonstrate compliance with the contemporaneous ownership rule set forth in Business Corporation Law § 626 *(see, Independent Investor*

*Protective League v Time, Inc.,* 50 NY2d 259, 263; *Schoettmer v F.G.S. Realty Corp.,* 143 AD2d 128, 129), and they failed to interpose such claims in a derivative action *(see,* Business Corporation Law § 720 [a] [1] [B]; [2]; *Smerling Enters. v Goldstein,* 184 AD2d 480).

We find, however, that the second counterclaim for breach of contract and all related affirmative defenses should be reinstated and that the Supreme Court should address the issues raised by the parties such as waiver, excuse, failure of conditions precedent, repudiation, and lack of proper demand. In addition, there appears to be a triable issue of fact concerning, *inter alia,* indemnification, breach of warranty, and a right of offset in light of (1) certain portions of the Federal deposition testimony concerning the defendants' discovery of checks for pension contributions and Federal withholding taxes which were reflected as paid in corporate books but not in fact paid by the plaintiffs, (2) the defendants' October 19, 1989, letter setting forth these and other sums allegedly warranted as paid prior to closing or June 30, 1988, but which allegedly were not in fact paid, and (3) paragraphs 10, 12, and 16 of the contract of sale which concern indemnification and offset rights.

To the extent, if any, that the defendants are liable for amounts alleged due on the promissory notes or for taxes, prejudgment interest on the promissory notes should be calculated from November 30, 1989, the date of the acceleration letters, while prejudgment interest on the amount of unpaid taxes should be calculated from the date on which the plaintiffs satisfied outstanding tax warrants, i.e., October 13, 1989 *(see, e.g.,* CPLR 5001 [a], [b]; *Matter of Bowne & Co. v Scileppi,* 99 AD2d 440; *Paully v Harrison,* 35 AD2d 543).

Finally, we reinstate the affirmative defense to any award of attorney's fees and note that prior to the grant of such an award to any of the parties, the Supreme Court should hold a hearing on the propriety of such fees in light of paragraphs 10 and 12 of the contract of sale and the reasonableness of such fees *(see, Carr v First Fed. Sav. & Loan Assn.,* 132 AD2d 513, 514; *Federal Deposit Ins. Corp. v Kassel,* 72 AD2d 787).

We have considered all of the parties' remaining contentions and find them to be without merit. Bracken, J. P., Balletta, Pizzuto and Krausman, JJ., concur.