■ DOMINICK SIGNORILE et al., Respondents, v HILTON SONIKER et al., Appellants. [632 NYS2d 157] —In an action to recover damages, inter alia, for fraud, the defendants appeal from (1) so much of an order of the Supreme Court, Westchester County (Silverman, J.), entered June 8, 1994, as denied their motion to disqualify the plaintiffs' attorney, and (2) an order of the same court, entered October 7, 1994, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order entered June 8, 1994, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order entered October 7, 1994, is modified, on the law, by deleting the provision thereof which denied the branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as it asserted a cause of action on behalf of Barbara Signorile and adding a provision thereto granting that branch of the motion; as so modified, the order entered October 7, 1994, is affirmed, without costs or disbursements.

The plaintiffs Dominick Signorile and Anthony Carrozza had standing to commence this action (see, Matter of Schulman, 165 AD2d 499, 503-504; see also, Business Corporation Law § 626; Glenn v Hoteltron Sys., 74 NY2d 386, 392; Independent Investor Protective League v Time, 50 NY2d 259, 263; Schoettmer v F.G.S. Realty Corp., 143 AD2d 128, 129). The plaintiff Barbara Signorile, however, was never a shareholder in the plaintiff corporations, she did not invest in those corporations, and she did not seek legal advice from the defendant Hilton Soniker. As a result, she did not have standing to commence this action and summary judgment should have been granted to the defendants dismissing the complaint insofar as it asserted a cause of action on behalf of Barbara Signorile (see,

*Matter of Schulman,* 165 AD2d 499, 503-504, *supra; see also,* Business Corporation Law § 626; *Glenn v Hoteltron Sys.,* 74 NY2d, at 392, *supra; Independent Investor Protective League v Time,* 50 NY2d, at 263, *supra).*

In light of the evidence that Hilton Soniker received 18% and 50% of the stock of each of the plaintiff close corporations in return for acting as the attorney for the remaining individual plaintiffs and the corporations, and that Soniker prepared a will for the plaintiff Anthony Carrozza, the Supreme Court properly denied the defendants' motion for summary judgment as to the remaining plaintiffs *(see, Greene v Greene,* 56 NY2d 86, 92; *Howard v Murray,* 43 NY2d 417; *Frost v Bachman,* 259 App Div 745, *affd* 283 NY 744, 745; *see also, Rosiny v Schmidt,* 185 AD2d 727, 730; *Fender v Prescott,* 101 AD2d 418, 422, *affd* 64 NY2d 1079).

The Supreme Court properly denied the defendants' motion to disqualify the plaintiffs' attorney *(see, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.,* 69 NY2d 437; *Plotkin v Interco Dev. Co.,* 137 AD2d 671). O'Brien, J. P., Copertino, Santucci and Joy, JJ., concur.