■ Robert D. Romeo et al., Respondents-Appellants, v Leonard F. Schmidt et al., Appellants-Respondents. (Appeal No. 1.) [645 NYS2d 949] —Appeal from order insofar as it granted summary judgment on first cause of action unanimously dismissed, cross appeal from order insofar as it stayed execution of judgment dismissed and order modified on the law and as modified affirmed without costs in accordance with the following Memorandum: We dismiss defendants' appeal from that portion of the order granting plaintiff Robert D. Romeo summary judgment on the first cause of action; defendants' appeal from the final judgment brings up for review that portion of the order (*see, Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988; CPLR 5501 [a] [1]).

Supreme Court erred in granting plaintiffs' motion for summary judgment on the first cause of action. In that cause of action, Romeo, an attorney, sought to collect on a loan he made to defendants, who were his clients. In opposition to the motion, defendants asserted that Romeo failed to advise them to consult with independent counsel with respect to the loan transaction. " '[A]n attorney who seeks to avail himself of a contract made with his client, is bound to establish affirmatively that it was made by the client with full knowledge of all the material circumstances known to the attorney, and was in every respect free from fraud on his part, or misconception on the part of the client, and that a reasonable use was made by the attorney of the confidence reposed in him' " (*Greene v Greene*, 56 NY2d 86, 92, quoting *Whitehead v Kennedy*, 69 NY 462, 466; *see also, Schlanger v Flaton*, 218 AD2d 597). Plaintiffs failed to meet that burden and thus were not entitled to summary judgment. Nevertheless, contrary to defendants' contention, the loan transaction is not per se void or unenforceable despite the failure of plaintiffs to establish their entitlement to summary judgment (*see generally, Abrams, Kisseloff & Kissin v 160 Bleecker St. Assocs.*, 67 AD2d 629, 630) and, thus, defendants also are not entitled to summary judgment on the first cause of action. In view of our determination, plaintiffs' cross appeal from that portion of the order (appeal No. 1) and Romeo's cross appeal from that portion of the judgment (appeal No. 2) that granted a stay of execution of the judgment are moot.

The court also erred in denying defendants' motion for summary judgment dismissing the ninth cause of action for a broker's commission. Plaintiff Romeo & Romeo asserts therein that a retainer agreement executed in 1989 provided that a commission would be payable to the firm "at closing" if Romeo & Romeo produced a ready, willing and able buyer for defendant corporation. The buyer produced by Romeo & Romeo was unable to come to terms with defendants, however, and there was no closing. Thus, as a matter of law, Romeo & Romeo is not entitled to a broker's commission (*see, Corcoran Group v Morris*, 107 AD2d 622, 623-624, *affd* 64 NY2d 1034; *White & Sons v La Touraine-Bickford's Foods*, 50 AD2d 547, *affd* 40 NY2d 1039; *see also, Bersani v Basset*, 184 AD2d 996, 997). For the same reason, Romeo & Romeo cannot recover a commission on a theory of quantum meruit (*see, Thomson McKinnon Sec. v Cioccolanti*, 161 AD2d 523, 524).

The court further erred in denying the motion for partial summary judgment on the third cause of action for an account

stated; an officer of defendant Increda-Meal Inc., acknowledged defendants' indebtedness for the 1993 legal services that are the subject of that cause of action (*see, Rosenman Colin Freund Lewis & Cohen v Neuman,* 93 AD2d 745, 746). Because the record contains no admission by defendants with respect to the 1994 and 1995 bills, however, the court properly denied the motion of Romeo & Romeo for partial summary judgment on the fifth and seventh causes of action for accounts stated. The fourth cause of action, which seeks recovery of the same legal fees as the third cause of action but under a different theory, must be dismissed (*see, H.B.L.R., Inc. v Command Broadcast Assocs.,* 156 AD2d 151, 152).

We therefore modify the order (appeal No. 1) by granting defendants' motion for partial summary judgment dismissing the fourth and ninth causes of action and granting plaintiffs' motion for partial summary judgment on the third cause of action; we reverse the judgment (appeal No. 2) by denying plaintiffs' motion for partial summary judgment on the first cause of action and reinstating that cause of action. (Appeals from Order of Supreme Court, Onondaga County, Hurlbutt, J.—Summary Judgment.) Present—Green, J. P., Lawton, Wesley, Callahan and Boehm, JJ.