■ HERBERT WALKER, Individually and as Shareholder of SILVER EAGLE AIRCRAFT CORPORATION, Respondent, v SAFTLER, SAFTLER & KIRSCHNER, et al., Appellants. [657 NYS2d 187] —Order, Supreme Court, Bronx County (Gerald Esposito, J.), entered January 22, 1997, which, in an action for legal malpractice and breach of retainer agreements, denied defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to dismiss the first cause of action alleging conflict of interest and so much of the remaining causes of action as are based upon defendants' negligence in prosecuting the underlying action, and otherwise affirmed, without costs.

The action should be dismissed insofar as based upon defendants' negligence in prosecuting causes of action that belonged to Silver Eagle Aircraft Corporation in the underlying action, as to which plaintiff lacks standing to sue in his individual capacity (*see, Quatrochi v Citibank*, 210 AD2d 53; *Smerling Enters. v Goldstein*, 184 AD2d 480), and, insofar as he purports to sue derivatively on behalf of Silver Eagle, has failed to plead with particularity his efforts to secure board action or the reasons why such efforts would have been futile (Business

Corporation Law § 626 [c]). Insofar as the action is based upon defendants' negligence in prosecuting the underlying causes of action that belonged to plaintiff personally, he has failed to demonstrate that "but for" defendants' malpractice he would have prevailed on those claims (*see, Davis v Klein*, 88 NY2d 1008), and does not show any other viable claims that could have been brought. The cause of action alleging a conflict of interest is without merit since defendants did not represent plaintiff's co-shareholder simply by reason of their representation of Silver Eagle, and there is no evidence that they affirmatively assumed the duty of representing her (*see, Kushner v Herman*, 215 AD2d 633). However, the balance of action insofar as based upon breach of the retainer agreements between plaintiff and defendants and their predecessors is not subject to summary dismissal since there is evidence that each time a predecessor firm dissolved by operation of law, the successor firm expressly agreed to continue the representation of plaintiff and to fulfill the retainer. It should be noted that the damages recoverable on this theory must be limited to a recovery of sums paid pursuant to the retainer. Concur—Murphy, P. J., Wallach, Tom and Mazzarelli, JJ.