■ BARRISTERS ABSTRACT CORPORATION, Respondent, v THOMAS W. CAULFIELD et al., Defendants, and DOROTHY A. ELLIOT, Appellant. [660 NYS2d 62] —In an action to set aside the transfer of certain real property as fraudulent, the defendant Dorothy A. Elliot appeals from so much of an order of the Supreme Court, Kings County (Garson, J.), dated June 12, 1996, as denied her motion for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Barristers Abstract Corporation obtained a judgment against the defendant Thomas W. Caulfield, and thereafter commenced the instant action to set aside a transfer of real property from Caulfield to the appellant Dorothy A. Elliot, claiming that the transfer constituted a fraudulent convey-

ance under Debtor and Creditor Law § 276. While this action was pending, Caulfield filed for bankruptcy. A hearing was held in the bankruptcy court on the plaintiff's application for an order declaring that Caulfield's debt was not dischargeable in bankruptcy. The bankruptcy court denied the plaintiff's application in a lengthy decision. The defendant Elliot thereafter moved for summary judgment in this action contending that the decision of the bankruptcy court was conclusive as to all issues under principles of res judicata and collateral estoppel.

Contrary to the defendant's contentions, the Supreme Court properly denied her motion for summary judgment. The instant action is not barred by res judicata as the bankruptcy court stated that it was not deciding the issue of whether the subject conveyance was a fraudulent transfer under New York State law, but was deferring to the courts of this State on that issue *(see, e.g., Mattes v Rubinberg,* 220 AD2d 391, 393). While the doctrine of collateral estoppel may have binding effect with respect to certain of the findings of fact of the bankruptcy court, the ultimate question of fact under Debtor and Creditor Law § 276, namely, whether the transfer was made "with actual intent * * * to hinder, delay, or defraud either present or future creditors", is still unresolved and awaits trial. Thompson, J. P., Joy, Altman and Florio, JJ., concur.