OPINION OF THE COURT
Marylin G. Diamond, J.
The underlying arbitration arises out of Kidder Peabody & *281 Co. Incorporated’s (Kidder Peabody) claims of fraud and wrongdoing by its former employee, petitioner Joseph Jett (Jett). On December 19, 1996, after 18 days of hearings over a four-month period, the National Association of Securities Dealers (NASD) arbitration panel (the panel) rendered a “NASD Interim Award” (the December 19, 1996 Award). Pursuant to the December 19, 1996 Award, three additional evidentiary hearings were held between January 23, 1997 and March 11, 1997 on the issue of whether Kidder Peabody should indemnify Jett for attorneys’ fees, whether Jett should reimburse Kidder Peabody the $950,000 it advanced Jett for attorneys’ fees, and whether Kidder Peabody should be permitted to continue impounding the funds in Jett’s CMA account. On May 12,1997, the panel issued a “NASD Regulation Order” reserving decision on the indemnification and attorneys’ fees issues. The panel, however, directed Kidder Peabody to release another $1 million from Jett’s CMA account. Thereafter, by letter dated May 22, 1997, Jett applied to the panel for a release of the remaining funds in the CMA account. In a “NASD Regulation Order” dated October 15, 1997, the panel, sua sponte, directed Kidder Peabody to release an additional $1 million from Jett’s CMA account, leaving approximately $2.7 million remaining in Jett’s impounded CMA account.
Jett now petitions this court for an order vacating that portion of the panel’s denial of his May 22, 1997 and prior applications for an award directing Kidder Peabody to release the remaining funds in his CMA account as either in excess of their authority or irrational. Kidder Peabody moves to dismiss the petition and seeks the imposition of sanctions on the ground that since the panel has not rendered a final award this court lacks jurisdiction to entertain Jett’s petition.
The principle is well settled that when parties submit their disputes to arbitration they necessarily entrust considerable discretion to the arbitrator in the resolution of their disputes and courts refrain from interfering during the pendency of the arbitration (see, Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp., 78 NY2d 88, 93 [1991]). Further, courts may intervene or entertain a suit seeking judicial intervention only where there is an award containing final determinations made at the conclusion of the arbitration proceedings (Mobil Oil Indonesia v Asamera Oil [Indonesia], 43 NY2d 276, 281 [1977]; Matter of Adelstein v Thomas J. Manzo, Inc., 61 AD2d 933 [1st Dept 1978]).
Jett correctly points out that the panel’s December 19, 1996 *282 Award refers to a “full and final resolution of the issues submitted for determination”, although the panel labels the award as an “NASD Interim Award”. Nonetheless, the panel’s decision to reserve final determination of the issues of attorneys’ fees and interest and to reopen the proceedings for three hearing days establishes that a final determination of all the issues has not occurred. Since the panel’s December 19, 1996 Award and its subsequent orders, despite contradictory language about finality, do not resolve all issues submitted to them, judicial review is premature. This determination, however, does not dispose of this matter. The last arbitration hearing held in this matter was on March 11, 1997. Since that time the panel has issued three determinations releasing a total of $2 million from the CMA account, but continues to reserve decision on the attorneys’ fees issue and to permit Kidder Peabody to impound Jett’s CMA account. Although this court cannot review the panel’s decisions at this time, it cannot help but note that $2.7 million remains frozen in Jett’s CMA account in the face of Kidder Peabody’s total attorneys’ fee claim of $950,000. A pending Securities and Exchange Commission proceeding and Federal tax liens do not justify impounding funds in excess of $950,000 since Kidder Peabody does not have standing to assert third-party claims in the underlying arbitration proceeding (see, e.g., Walker v Saftler, Saftler & Kirschner, 239 AD2d 252 [1st Dept 1997]) and since the customer’s agreement governing the CMA account specifically limits the panel’s authority to resolution of “any controversy between [Kidder Peabody and Jett].” In fact, one of the panel arbitrators, Thomas Duggan, expressed doubts as to whether Kidder Peabody had standing to assert third-party claims.
CPLR 7506 (b) authorizes the court “upon application of any party, [to] direct the arbitrator to proceed promptly with the hearing and determination of the controversy” (cf., Matter of Salvano v Merrill Lynch, Pierce, Fenner & Smith, 85 NY2d 173, 181 [1995]). Jett essentially seeks a final resolution of the issues so that his CMA account can be released. Since the last hearings were completed in March 1997, nearly nine months ago, and a substantial amount of money in excess of the remaining claims continues to be restrained, Jett’s petition is granted to the extent of remanding this matter to the panel for a final determination of all remaining issues. The panel is directed to render such final determinations within 30 days af *283 ter receipt of a copy of this order. Kidder Peabody’s cross motion is denied in its entirety.
[Portions of opinion omitted for purposes of publication.]