■ DOMINICK SIGNORILE et al., Respondents, v HILTON SONIKER et al., Defendants, and 2J MANAGEMENT CO., INC., Appellant. [687 NYS2d 709] —In an action, *inter alia,* to impose a constructive trust, the defendant 2J Management Co., Inc., ap-

peals from (1) so much of an order of the Supreme Court, Westchester County (Nastasi, J.), dated September 23, 1997, as, upon a jury verdict, granted the motion of the plaintiff La Bella Notte, Ltd., for leave to enter judgment in its favor; (2) so much of a judgment of the same court, also dated September 23, 1997, as imposed a constructive trust upon the chattels conveyed to it by the plaintiff La Bella Notte, Ltd., and (3) stated portions of an amended judgment of the same court, also dated September 23, 1997, which, *inter alia*, modified the judgment by awarding the plaintiffs $2,325.25 in costs.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the appeal from the judgment is dismissed, as that judgment was superseded by the amended judgment; and it is further,

Ordered that the amended judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the amended judgment (*see,* CPLR 5501 [a] [1]).

The corporate plaintiff, La Bella Notte, Ltd. (hereinafter Bella Notte), is a legal entity separate from its shareholders (*see, e.g., 5303 Realty Corp. v O & Y Equity Corp.,* 64 NY2d 313), and as such is entitled to enforcement of the amended judgment that has been entered in its favor and against the appellant (*see, e.g., Independent Investor Protective League v Time, Inc.,* 50 NY2d 259).

This Court has already ruled that the plaintiff Dominick Signorile, a 41% shareholder in Bella Notte, has standing to pursue this lawsuit on behalf of the corporation (*see, Signorile v Soniker,* 220 AD2d 404; *see also,* Business Corporation Law § 626). John A. Keeffe, who is Mr. Signorile's lawyer, and whom this Court has declined to disqualify in the past (*see, Signorile v Soniker, supra*), was directed by the Supreme Court to enforce the instant judgment as soon as it was "properly entered" (*see,* Order of Aug. 5, 1997). Accordingly, Mr. Keeffe has the authority to pursue the instant matter on his client's behalf.

There is no merit to the appellant's suggestion that Mr. Signorile is divested of standing and that Mr. Keeffe is deprived of the authority to act for him because after the issuance of the

order appealed from the appellant acquired the interests of the other shareholders and it now owns a majority of the stock in Bella Notte. S. Miller, J. P., Santucci, Friedmann and Florio, JJ., concur.