Goldman v Nerds Broadway Ltd. Liab. Co. (2022 NY Slip Op 00721)





Goldman v Nerds Broadway Ltd. Liab. Co.


2022 NY Slip Op 00721


Decided on February 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 03, 2022

Before: Manzanet-Daniels, J.P., Webber, Oing, Mendez, Higgitt, JJ. 


Index No. 655351/18 Appeal No. 15224 Case No. 2021-00903 

[*1]Marc Goldman, et al., Plaintiffs-Appellants,
v
Nerds Broadway Limited Liability Company, et al., Defendants-Respondents.


Ira Daniel Tokayer, New York, for appellants.
Goldberg Weprin Finkel Goldstein LLP, New York (Zachary D. Kuperman of counsel), for respondents.



Order, Supreme Court, New York County (Debra A. James, J.), entered October 19, 2020, which granted defendants' motions to dismiss the complaint, unanimously affirmed, without costs.
Plaintiff investors' claims for breach of contract and fiduciary duty are based on defendants' decision to have the company enter into a contract with the Shubert Organization. Because they allege harm only to the company, and not based on some particular injury or right of the plaintiffs, these claims are derivative (see Abrams v Donati, 66 NY2d 951, 953 [1985]). As such, they were properly dismissed for lack of standing, because the transaction complained of occurred before any were members of the company (see Business Corporation Law § 626(b); Independent Inv. Protective League v Time, Inc., 50 NY2d 259, 263 [1980]).
Contrary to defendants' contention, plaintiffs sufficiently alleged loss causation by showing a plausible link between the misrepresentation and the loss. They were not required to rebut all other possible causes (see Loreley Fin. (Jersey) No. 3 Ltd. v Wells Fargo Sec., LLC, 797 F3d 160, 188 [2d Cir 2015]). The court, however, properly dismissed the fraud claims as barred by the disclaimers in the agreement, which included an express representation that plaintiffs' professionals had examined the financial records of the company. Given that the fraud alleged was a misrepresentation of how much money had been raised and invested, this disclaimer requires dismissal (see Danann Realty Corp. v Harris, 5 NY2d 317, 320-322 [1959]).
Because plaintiffs' claims for fraud, breach of contract, and fiduciary duty were properly dismissed, their "claim" for rescission, which is actually a remedy, was also properly dismissed (see Vitale v Coyne Realty, 66 AD2d 562, 568 [4th Dept 1979]).
Defendants are correct that the claims for breach of contract cannot be asserted against the individual defendants, who are merely members of the entities that signed the operating agreement (see Delagrange v Payard, 110 AD3d 491 [1st Dept 2013]) in the absence of any allegation that defendants individually participated in a tort, whether
of fraud, breach of fiduciary duty, or otherwise (see Sergeants Benevolent Assn. Annuity Fund v Renck, 19 AD3d 107, 110 [1st Dept 2005]).
In view of the foregoing, we need not reach the remaining contentions.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 3, 2022